## BLACKFORD and Others, Executors of JOHNSON, *v.* PEL-TIER.

The statute of limitations is constitutional: it has no reference to the validity of contracts, but only prescribes the time within which they may be enforced, and after that withholds the remedy.

*Thursday,
July 8.*

APPEAL from the *Knox* Circuit Court.—Assumpsit by *Peltier* for money had and received to his use, by the defendants' testator.   The defendants pleaded, 1st, the general issue; 2dly, the statute of limitations.   Upon the *first* plea the plaintiff below took issue.   To the *second* he demurred, and the defendants joined in demurrer.—The second plea was adjudged unconstitutional.—Verdict and judgment for the plaintiff in the Circuit Court.

The appellants contended that their second plea was valid, and the demurrer to it ought not to have been sustained.

SCOTT, J.—That a statute of limitations is unconstitutional, is a novel doctrine, and we see no good reason to justify the innovation.   The statute has no reference to the nature, the construction, or the validity of contracts; nor to the rights and obligations of parties arising out of them.   It never destroys the right, but only prescribes the time in which that right may be enforced; and after the lapse of the time mentioned, it withholds the remedy (1).

BLACKFORD, J., being a party in the cause, gave no opinion.

*Per Curiam.*—The judgment is reversed, and the proceedings on the issues are set aside, with costs.   Cause remanded to the Circuit Court, with directions to permit the plaintiff to withdraw his demurrer, and reply to the plea of the statute of limitations.

*Tabbs,* for the appellants.

(1)  Statutes of limitations relate to the remedies which are furnished in the Courts. They rather establish, that certain circumstances shall amount to evidence that a contract has been performed, than dispense with its performance. If, in a state where six years may be pleaded in bar to an action of assumpsit, a law should pass declaring that contracts already in existence, not barred by the statute, should be construed to be within it, there could be little doubt of its unconstitutionality. Per *Marshall*, C. J. *Sturges* v. *Crowninshield*, 4 Wheat. Rep. 207.

The statute of limitations is founded on the presumption that the debt is paid, but the evidence of payment lost. Its object, therefore, is not to impair the contract, but merely to supply a deficiency of evidence. Hence it is, that, in assumpsit, an acknowledgment, within the time limited, of the existence of the debt, takes the case out of the statute: the statutory presumption of payment being thus destroyed.