Opinion of the Court.
IN an ejectment brought by Sharp, he recovered a verdict and judgment against Ashby, &c. Some days thereafter, Ashby, &c. applied to the court to set aside the verdict and judgment, and award them a new trial, on the grounds—1st, of the verdict being contrary to law ; 2d, of its being contrary to evidence ; 3d, of the court having erred in overruling the instructions asked by their counsel, and in excluding their evidence of title from the jury. But the court refused to hear the application for a new trial, and the refusal was excepted to by Ashby, &c. The assignment of errors questions the decision of the court, in refusing to hear the application.
1. From anything contained in the record, it is impossible to perceive any injury which can have resulted to the appellants, (the defendants in the court below,) from the refusal of the court to hear their application ; and, unless they have been injured by the decision of the court, it would be worse than useless to remand the cause, for their application to be heard. The bill of exceptions taken to the refusal of the court to hear the application, contains no suggestion, either of what the evidence was upon the trial, or what evidence of title was excluded from the jury. The application for a new trial, it is true, was founded on the alleged grounds of the court having erred in excluding their title from the jury, and of the verdict being against law and evidence; but those matters all transpired before the court, in the progress of the trial ; and in the absence of any statement in the record, of what evidence *167 was introduced and what excluded, we must presume, from the refusal of the court to hear the application, that no just cause existed for awarding a new trial.
The judgment must be affirmed with costs.