Marshall, Ch. J.,
delivered the opinion of the court. — This is a writ of error to a judgment of the court of appeals of Kentucky, affirming a judgment of the Union county circuit court of that state.
The plaintiff brought an ejectment in the Union county circuit court, against the defendant, and in Juno term 1823, obtained judgment; on which a writ of habere facias possessionem Avas awarded. On the succeeding day, it was ordered, on the motion of the defendant, “that Josiah Williams and others be and they are hereby appointed commissioners, Avho, or any five of Avhom, being first SAvorn, do, on the second Saturday in July next, go on the lands from which the said defendant has been evicted in that action, and make assessment of Avhat damage and waste the said defendant has committed since the 20th of May 1822, and the rent and profit accruing since the 17th of June 1823, and of the value of improvements made on said land, at the time of such assessment, regarding it as if such improvements had not been made; all Avhich they shall separately and distinctly specify, and report to the next term of this court, until which time this motion is continued.”
"'The report of the commissioners Avas made to the September term following, and Avas continued. On the 15th of March 1824, it was, on the motion of the defendant, ordered to be recorded.. The improvements were valued at $1350. John Fisher, the plaintiff in the ejectment, and defendant on this motion, did not appear ; and judgment was rendered against him for the sum reported to be due for improvements. Afterwards, *163 to wit, on the 20th of the same month, the said Fisher appeared and' tendered the following bill of exceptions, which was signed: “ Be it remembei ed, that in this cause, the defendant moved the court to quash the report of the commissioners appointed to value the improvements, assess the damages, &e. ; but the court refused to quash the same, to which opinion of the court the defendant excepts,” &c. The said Fisher then appealed to court of appeals. A citation was issued by the clerk of the court of appeals, which was served. Among the errors assigned by the plaintiff: in error, was the following : “ The plaintiff deriving title from Virginia, the act or acts of the state of Kentucky on which this court has founded its opinion, is repugnant as to the compact with Virginia ; therefore, void as to the case before the court, being against the constitution of the United States.” The cause was argued in the court of appeals, in June 1827, and the judgment of the circuit court was affirmed. That judgment is now brought before this court by a writ of error.
The seventh article of the compact between Virginia and Kentucky is in these words : “ That all private rights and interests of lands within the said district, derived from the laws of Virginia, prior to such separation, shall remain valid and secure, under the laws of the proposed state, and shall be determined by the laws now existing in this state.” This is the article, the violation of which is alleged by the plaintiff in error. To bring this ease within the protection, he must show that the title he asserts is derived from the laws of Virginia, prior to the separation of the two states. If the' title be not so derived, the compact does not extend to it; and the plaintiff alleges no other error. The judgment in the ejectment is rendered on a general verdict, and the title of the plaintiff is not made a part of the *record, by a bill of exceptions, or in any other manner. The clerk certifies that certain documents were read in evidence on the trial, L 54 and among these is the patent under which the plaintiff claimed. This patent was issued by the governor of Kentucky, and is founded on rights derived from the laws of Virginia. Can the court notice it ? Can it be considered as part of the record ?
In cases at common law, the course of the court has been uniform, not to consider any paper as part of the record, which is not made so by the pleadings, or by some opinion of the court referring to it. This rule is common to all courts exercising appellate jurisdiction, according to the course of the common law. The appellate court cannot know what evidence was given to the jury, unless it be spread on the record, in proper legal manner. The unauthorized certificate of the clerk, that any document was read, or any evidence given, to the jury, cannot make that document, or that evidence, a part of the record, so as to bring it to the cognisance of this court. We cannot perceive, then, from the record in the ejectment cause, that the plaintiff in error claimed under a title derived from the laws of Virginia.
The order made after the rendition of the judgment directing commissioners to go on the land from which the defendants had been evicted, and value the improvements, contains no allusion to the title under which the land was recovered. The plaintiff in error might have resisted this order, by showing that his title was derived from the laws of Virginia, and thus have spread his patent on the record. He has not done so. On moving to *164 quash the report of the commissioners, a fair occasion was again jjresented, for making his patent the foundation of his motion, and thus exhibiting a title derived from the laws of Virginia. He has not availed himself of it. He has made his motion in general terms, assigning no reason for it; the judgment of the court overruling the motion is also in general terms. The record, then, of the Union county circuit court does not show that the case is protected by the compact between Virginia and Kentucky. This court cannot know judicially that it was not a contest between two citizens, each claiming entirely under the laws of that state.
*When the record of the Union county circuit court was transferred to the court of appeals, the course of that court requires, that the appellant, or the plaintiff in error, should assign the errors on which he means to rely. This assignment contains the first intimation that the title was derived from Virginia, and that the plaintiff in error relied on the compact between the two states. But this assignment does not introduce the error into the record, nor in any manner alter it. The court of appeals was not confined to the inquiry, whether the error assigned was valid in point of law. The preliminary inquiry was, whether it existed in the record. If, upon examining the record, that court could not discover that the plaintiff had asserted any right or interest in land derived from the laws of Virginia, the question, whether the occupying claimants’ law violated the compact between the states, could not arise.
The 25th section of the act to establish the judicial courts of the United States, which gives to this court the power of revising certain judgments of state courts, limits that power in these words, “ but no other error shall be assigned or regarded as a ground of reversal, in any such case as aforesaid, than such as appears on the face of the record, and immediately respects the before-mentioned questions of validity or construction of the said constitution, treaties, statute, commissions or authorities in dispute.” If the view which has 'been taken of the record be correct, it does not show that the compact with Virginia was involved in the case. Consequently, the question whether the act for the benefit of occupying claimants was valid or not, does not appear to have arisen; and nothing is shown on the record which can give jurisdiction to this court.
The counsel for the plaintiff in error has referred to former decisions of this court, laying down the general principle, that the title under a treaty or law of the United States need not be specially pleaded ; that it need not be stated on the record, that a construction has been put on a treaty or law, which this court may deem erroneous ; or that an unconstitutional statute of a state has been held to be constitutional. It is sufficient, if the record shows that misconstruction must have taken place, or the decision could not have been made. Harris v. Dennie, 3 Pet. 292, is a ^strong case to -* this effect. That case recognises the principle on which the plaintiff in error relies ; and says, “it is sufficient, if, from the facts stated, such a question must have arisen, and the judgment of the state court would not have been what it is, if there had not been a misconstruction from some act of congress, &c.” But this misconstruction must appear from the facts stated, and those facts can be stated only on the record. In the ease of Harris v. Dennie, a special verdict was found, and the court confined itself to a consideration of the facts stated in that verdict. Goods, in the custody *165 of the United States, until the duties should be- secured, and a permit granted for their being landed, were attached by a state officer, at the suit of a private creditor. This fact was found in the special verdict, and the state court sustained the attachment. This court reviewed the act of congress for regulating the collection of duties on imports and tonnage, and came to the opinion, “that the goods in the special verdict mentioned were not, by the laws of the United States, under the circumstances mentioned in the said verdict, liable to be attached by the said Dennie, under the process in the said suit mentioned ; but that the said attachment, so made by him, as aforesaid, was repugnant to the laws of the United States, and therefore, utterly void.” In this case, no fact was noticed by the court Avhich did not appear in the special verdict.
So, in the case of Craig v. State of Missouri. The parties, in conformity Avith a law of that state, dispensed Avith a jury, and referred the facts as well as law to the court. The court in its judgment, stated the facts on which that judgment was founded. It appeared from this statement, that the note on Avhich the action Avas brought was given to secure the repayment of certain loan-office certificates, which a majority of the court deemed bills of credit, in the sense of the constitution. This statement of facts, made by the court of the state, in its judgment in a case in which the court was substituted for a jury, Avas thought equivalent to a special verdict. In this case, too, the court looked only at the record.
We say, Avith confidence, that this court has never taken jurisdiction, unless the case as stated in the record Avas brought Avithin the provisions of the 25th section of the judiciary act. There are some cases in Avhich the jurisdiction of *the court has been negatived, that -are entitled to . notice. Owings v. Norwood's Lessee, 5 Cranch 344, was an eject- ■- ment brought in the general court of Maryland, for a tract of land lying in Baltimore county. The defendant set up as a bar to the action, an outstanding title in a British subject, which, he contended, Avas protected by the treaty of peace. Judgment Avas given for the plaintiff, and this judgment being affirmed in the court of appeals, was brought before this court. The judgment Avas affirmed ; and the court said, “ Avhenever a right grows out of, or is protected by a treaty, it is sanctioned against all the laws and judicial decisions of the states ; and Avhoever may have this right, it is to be protected ; but if the party’s title is not affected by the treaty, if he claims nothing under a treaty, his title cannot be affected by the treaty.” Upon the same principle, the person who Avould claim the benefit of the compact betAveen Virginia and Kentucky must show, and he can only sIioav it on the record, that his case is within that compact.
The case of Miller v. Nicholls, 4 Wheat. 312, bears, Ave think, a strong resemblance to this. William Nieholls, collector, &c., being indebted to the United States, executed, on the 9th of June 1798, a mortgage to Henry Miller, fot; the use of the United States, for the sum of $59,444, conditioned for the payment of $29,271. Process Avas issued on this mortgage from the supremo court of the state of Pennsylvania ; in March 1802, a levari facias was levied, the property sold, and the money, amounting to $14,530, brought into court, and deposited Avith the prothonotary, subject to the order of the court. On the 22d of December 1797, the said Nieholls Avas found, cn a settlement,, indebted to the commonwealth of Pennsylvania in the sum *166 of $9987.15, and judgment therefor was entered on the 6th of September 1798. These facts were stated in a case agreed ; and the following question was submitted to the court : “ Whether the said settlement of the said public accounts of the said William Nicholls, as aforesaid, on the 22d of . December 1797, was and is a lien from the date thereof, on the *r«al J estate of the said William Nicholls, and which has since been sold as aforesaid ?” On a rule made on the plaintiff in error to show cause why the amount of the debt due to the commonwealth should not be taken out of court, the attorney for the United States came into court and suggested, “ that the commonwealth of Pennsylvania, ought not to be permitted to have and receive the money levied and produced by virtue of the execution in the suit, because the said attorney in behalf of the United States saith, that as well by virtue of the said execution, as of divers acts of congress, and particularly of an act of congress entitled an'act to provide more effectually for the settlement of accounts between the United States and receivers of public moneys, approved the 3d of March 1797, the said United States are entitled to have and receive the money aforesaid, and not the said commonwealth of Pennsylvania.” Judgment was rendered in favor of the state of Pennsylvania, which judgment was brought before this court by writ of error. A motion was made to dismiss this writ of error, because the record did not show jurisdiction in this court, under the 25th section of the judiciary act. It was'dismissed, because the record did not show that an act of congress was applicable to the case. The court added, “ the act of congress which is supposed to have been disregarded, and which probably was disregarded by the state court, is that which gives the United States priority in cases of insolvency. Had the fact of insolvency appeared upon the record, that would have enabled this court to revise the judgment of the court of Pennsylvania ; but that fact does not appear.” In this case, the suggestion filed by the attorney for the United States, alleged in terms, the priority claimed by the government under an act of congress which was specially referred to. But the case agreed had omitted to state a fact on which the application of that act depended. It had omitted to state, that Nicholls was insolvent, and the priority of the United States attached in eases of insolvency only. In this case, the act of congress under which the United States claimed, was stated in the record, and the claim under it was *9501 exPressly made. But the fact which was required to *support the -* suggestion, did not appear in the record. The court refused to take jurisdiction.
In the ease at bar, the fact that the title of the plaintiff in error was derived from the laws of Yiginia ; a fact without which the case cannot be brought within the compact, does not appear in the record : for we cannot consider a mere assignment of errors in an appellate court as a part of the record, unless it be made so by a legislative act. The question whether the acts of Kentucky in favor of occupying claimants were or were not in contravention of the compact with Virginia, does not appear to have arisen ; and consequently, the case is not brought within the 25th section of the judiciary act.
In the argument, we have been admonished of the jealousy with which the states of the Union view the revising power intrusted by the constitution and laws of the United States to this tribunal. To observations of *167 this character, the answer uniformly given has been, that the course of the judicial department is marked out by law. We must tread the direct and narrow path prescribed for us. As this court has never grasped an ungranted jurisdiction, so will it never, we trust, shrink from the exercise of that which is conferred upon it. The writ of error is dismissed, the court having no jurisdiction.