### JOHN H. WEBER v. FORMAN MANNING ADMR. OF ANDREW HENRY DECD.

1. Under the stat. limitation of 1825, the 10 years, within which actions of debt must be brought on bonds and notes, do not commence until the act goes into effect.
2. The defd. pleaded that by a defeasance &c., he was not bound in any event to pay the bond sued on, until after a settlement of accts. between him and intestate &c. The defeasance given in evidence, was, that should a balance, on examination of books &c., be found due defd.—the bond should be credited then, with &c. Held not to support the plea.

ERROR to the circuit court of Washington county.

Opinion of the court delivered by TOMPKINS, J.

Henry brought his action of debt on a single bill obligatory against Weber; and he dying, Manning administered and prosecuted the action. The circuit court gave judgment for Manning, and to reverse it, Weber prosecutes this writ of error.—Weber pleaded first, that the cause of action did not accrue within ten years,—secondly, that the single bill obligatory sued on was delivered by him to Henry, on "a condition signed by said Henry, that he Weber should not in any event be bound to pay the sum of money in said supposed writing obligatory mentioned, except after a settlement of all the partnership accounts between Andrew Henry, and John H. Weber, and also, of the private accounts of the said persons; and after the settlement of such accounts he was to pay the sum in the said supposed writing obligatory mentioned, only upon condition that sum should appear to be due

to said Henry, which settlement and examination of the books and papers in said condition mentioned has not been made &c." Profert was made of the writing pleaded as a defeasance and issue taken on the plea. To the first plea, the plaintiff replied, that Weber on 20th October 1822, when the cause of action accrued and for eight months afterwards was beyond the seas &c. The defendant rejoined, denying that he was beyond the seas, and alleging that he was within the territory of the United States, beyond the limits of the State of Missouri at the time of executing the said supposed writing obligatory &c. No issue was joined on this plea. The court however, sitting as a jury, found that the defendant was beyond seas, as charged &c.; and also found the issue joined on the second plea for the plaintiff, and gave him judgment accordingly. The defendant moved for a new trial, for the following reasons:—1st, because the issue on the second plea should have found for the defendant on the evidence offered;—2nd, because the debt was in fact barred by the statute of Limitations;—3d, because the judgment was against law and evidence. This motion was overruled.—By the bill of exceptions it appears that no evidence was offered on the second plea to show that any settlement had been made between the parties; on the part of the defendant, the following writing was offered and admitted in evidence to support the second plea viz: John H. Weber hath this day passed me his note of hand, for fifteen hundred dollars, now therefore it is understood and agreed between us, that should it appear on examination of the books and papers of the partnership of Henry and Weber, as also of my private books and papers, that the said Weber is indebted to me more, the said Weber obliges himself to make good to me the amount so found. Should the sum he is indebted to me be less than the note expresses, I oblige myself to credit the note with the excess, in witness &c., which purports to be signed by Henry. The bond on which this suit was commenced, was executed on the 20th October 1822—and the action was commenced on the 27th day of May A. D. 1833. At common law an action would lie on a bond after a lapse of any number of years, but the courts would instruct a jury that they might presume payment after a lapse of twenty years, unless the plaintiff gave some evidence to raise a contrary presumption.

*Under the stat. limitations of 1825, the 10 years within which actions of debt must be brought on bonds and notes, do not commence until the act goes into effect.*

In the year 1825, an act was passed declaring that all actions of debt founded on any writing, whether under seal or not &c., shall be commenced and sued on within

ten years next after the cause of action shall have accrued. This cause of action accrued more than ten years before the commencement of the action. Nearly three years of the time had lapsed before the passage of the act; and had the bonds sued on been executed more than ten years before the act was in force, then according to the construction contended for by the defendant below, (plaintiff in error) the defendant in error (plaintiff below) would have lost all remedy. Have the legislature the right to deprive the plaintiff of his remedy? Without pretending to solve this question, we hesitate not to say, that we would not understand that body to mean their act to have such an effect, unless in the most plain and unequivocal terms they declared such meaning. Furthermore we will not suppose that they did mean this statute to begin to run against the plaintiff below, (defendant here) till the act went into effect, and from that time the plaintiff would in our opinion have ten years to sue. No issue was joined on the first plea and had one been joined, it would we think have been an immaterial one. On the issue joined on the second plea, we will observe that the evidence offered does not support it. The plea charges that the defendant was not in any event to be bound to pay unless after settlement of the partnership accounts &c. The evidence is, that should it appear on an examination of the books and papers of the partkership of Henry and Weber as also of the private books and papers of Henry &c. This evidence, it will be recollected, was contained in a separate instrument of writing in the keeping of Weber the defendant below and plaintiff in error in this court. He should then have averred that some reason existed why Henry could not sustain his action. If it had been true that Henry had neglected or refused to settle or examine the books &c., although the defendant was ready and willing and had offered to do so, this should have been averred in the plea. Weber had given his bond for the payment of a sum of money without condition annexed; and kept a writing executed by Henry to defeat his own bond on certain conditions. It was then his duty to have shown some one of them in bar (if any existed) of Henry's right to recover—having failed to do this, the circuit court found as it should have done against him, and there is no reason why the judgment on that finding should be reversed. The judgment of the circuit court is therefore affirmed.

The deft pleaded that by a defeasance &c., he was not bound in any event to pay the bond sued on, until after a settlement of accts. between him and intestate &c. The defeasance given in evidence, was, that should a balance, on examination of books &c. be found due deft. the bond should be credited therewith &c., held not to support the plea.