## HANEY vs. CLARK and JONES.

1. RECORD — ERROR. The court will not consider any paper as a part of the record which is not made so by the pleadings, or some opinion of the court referring to it, or by a bill of exceptions taken in the cause; and it makes no difference that the paper is certified up by the clerk.
2. PRACTICE. A motion made in the progress of a cause in the court below, and the reasons and affidavits upon which it is founded, are no part of the record, unless made so by a bill of exceptions.

ERROR to the district court for *Dane* County. The case is stated in the opinion of the court.
*Julius T. Clark*, for plaintiffs in error.
*A. P. Field*, for defendant in error.

MILLER, J.   This suit was commenced by *Satterlee Clark* and *Henry Jones* against *Berry Haney*, before a justice of the peace, where, in the absence of the defendant, on the return day of the writ, judgment was rendered for the plaintiffs; from which the defendant appealed to the district court for Dane county, where he moved the court for leave to file his set-off to the plaintiffs' demand, which was denied, and this is the error assigned.

The counsel for the defendant below, and plaintiff in error, neglected to have his motion with his proposed set-off embodied in a bill of exceptions; and contented himself with coming here with a mere certified transcript of the records of the district court. The counsel for the defendants in error refused to argue or consider the error assigned, for the reason that the cause is not properly in this court, as the motion of the party is not a part of the record, but can only be made so by a bill of exceptions, stating the motion and the nature of the off-set proposed.

The question is thus presented: Is this motion a part of the record which this court will examine as such? In cases at common law, the course of the supreme court of the United States is, not to consider any paper part of the record which is not made so by the pleadings, or by

some opinion of the court referring to it. This rule is common to all the courts exercising appellate jurisdiction according to the course of the common law. The preliminary question is, whether the matter exists on the record? *Lessee of Fisher v. Cockerill*, 5 Peters, 248. The appellate court cannot know what evidence was given to the jury, unless it is spread on the record in proper, legal manner. *Gratz v. Gratz*, 4 Rawle, 411. The unauthorized certificate of the clerk, that any document was read, or any evidence given to the jury, cannot make the document, or that evidence a part of the record, so as to bring it to the cognizance of the appellate court. Upon the same principle, the court of appeals of Kentucky decided, ed, in the case of *Ashley v. Sharp*, 1 Littell, 166, that where the grounds assigned in the record are the exclusion of evidence, or of title papers on the former trial, the bill of exceptions ought to exhibit the evidence or title papers excluded. Upon the same principle, it was decided by the supreme court of Illinois, *Vanlandingham v. Fellows*, 1 Scam. 233, that the reasons filed by a party as the foundation for a motion in the circuit court, do not thereby become part of the record. To make them a part of the record they must be embodied in a bill of exceptions. And because they were not so made a part of the record, the court refused to take any notice of them. In Indiana, evidence whether written or parol, can only be made part of the record, by oyer, bill of exceptions, demurrer to evidence, special verdict, or consent of parties. *Cole v. Driskell*, 1 Blackf. 16. The same court decided in the case of *Shields v. Cunningham*, 1 Blackf. 36, that a *capias ad respondendum* is not part of the record, unless made so in some legitimate method ; and the circumstance of its being certified up by the clerk, can add nothing to its validity. In the case under consideration, a copy of the off set offered to be filed in the district court, is not even certified up by the clerk. There is no error apparent on the record, and the judgment of the district court must therefore be affirmed. The error complained

of, is not properly presented, and for this reason the court will not notice it. *People v. Dalton*, 15 Wend. 581.