# JULY TERM, 1844.

## ROLETTE vs. THE SCHOOL COMMISSIONERS OF CRAWFORD COUNTY.

PRACTICE — EXCEPTIONS. The supreme court will not consider matters assigned as error in the proceedings of the court below, unless they are made a part of the record of the case; and matters *dehors* the record can be made a part of it, only by bill of exceptions.

ERROR to the District Court for *Crawford* County.

The defendants in error brought an action of trespass against *Rolette*, and the declaration was filed in the name of "The School Commissioners of Crawford county," without naming the commissioners by their individual names and style of office. It charged *Rolette* with divers trespasses in cutting and carrying away timber from section 16, town. 7, range 6 west, in Crawford county. The defendant pleaded the general issue, and upon the trial, the jury found for the plaintiff and assessed the damages at $125.

The defendant moved in arrest of judgment because:

"1. Because it does not appear from the record and proceedings that the plaintiffs in the suit were authorized by law to institute and maintain the action.

2. Because it does not appear by any part of the record and proceedings that the plaintiffs were ever legally elected school commissioners of any organized town or county in the Territory of Wisconsin, by the legal voters of such town or county, or that they were in any way authorized to act as school commissioners.

3. Because by the law of the land, if the said school

commissioners were authorized to institute and maintain this suit, they should have brought the same in their own proper names respectively, and not in their names as 'school commissioners.'"

The district court entered judgment on the verdict against the defendant for the said $125 damages and costs of suit. It was assigned as error, that the court erred in overruling the motion in arrest of judgment, but no bill of exceptions was settled in order to show by the record what the motion was, or the ruling of the court thereon.

*F. J. Dunn* and *Ben. C. Eastman*, for plaintiff in error.
*T. P. Burnett*, for defendant in error.

IRVIN, J. This cause came up on error to the district court for Crawford county, on a judgment given at its May term, 1842.

In the court below, the plaintiffs declared against the defendant in trespass, for felling, cutting, etc., the timber upon school section 16. To that the defendant pleaded the general issue, whereupon came a jury, who found a verdict in favor of the plaintiffs, upon which a judgment was rendered by the court.

Among the papers of this case is found and brought to the attention of the court, an assignment of errors, which purports to embody and set forth reasons offered in arrest of judgment in the district court; but as they were not made part of the record by a bill of exceptions, this court cannot take any notice of them, as they could alone be made a part of the record in that way. *Lessee of Fisher v. Cockerill*, 5 Peters, 248; *Gratz v. Gratz*, 4 Rawle, 411; *Ashley v. Sharp*, 1 Littell, 166; *Vanlandingham v. Fellows*, 1 Scam. 233; and a number of authorities referred to by this court in the case of *Haney v. Clark, ante.*

There is no reason why this court should disturb the judgment of the court below, for aught that appears in the record; and inasmuch as the matter sought to be complained of does not appear in such a shape as to be

noticed by this court, the judgment of the district court is affirmed, with costs and damages at the rate of seven per centum per annum from the date of said judgment.