FRENCH and Others *v.* BLANCHARD.

Suit for the foreclosure of a mortgage. Answer: that the notes and mortgage, though executed to the plaintiff alone, were given for goods purchased of a mercantile firm, of which plaintiff was a member; that the other co-partners had never assigned their interest in the debt to plaintiff, and that the real, beneficial interest therein was in said firm.

*Held,* that the defendant was estopped, by the execution of the notes and mortgage, to plead the matters set up in his answer.

*Held,* also, that as the facts constituting the estoppel appeared on the face of the pleadings, the objection should have been taken by demurrer.

*Held,* also, that as issue was taken upon the answer without objection, the estoppel was thereby waived, and the defendant was entitled to offer evidence in support of his answer.

An affidavit for a continuance, on account of the absence of a witness, must show that he is a competent witness, and specially *set out* the facts expected to be proved by him.      •

APPEAL from the *Kosciusko* Circuit Court.

HANNA, J.—Suit to foreclose a mortgage. The appellants, who were the mortgagors, together with several junior incumbrancers, were made defendants. They were all defaulted, except appellants. At the *March* term, 1859, appellants answered in several paragraphs, and filed interrogatories to be answered by the plaintiff, and asked a rule upon him to compel such answer, which was refused. The case was continued for several terms, until the *February* term, 1860, at which time defendants, on leave, filed an amended first paragraph to their answer; an affidavit of said *French*, as to the materiality of an answer from plaintiff to the interrogato-

ries before then filed, and, also, asking a continuance to obtain the testimony of one *Crossman*. The Court refused to order an answer to the interrogatories, or to continue the cause. Upon these rulings, errors are assigned, and presented in the brief of appellants.

To determine the questions involved we must refer to the issues.

The first paragraph of the answer, as amended, averred that the real, beneficial and equitable interest in the mortgage and notes was in the firm of *Blanchard, Converse & Co.*, the names of all the partners, there being several, not being known to defendant; that the consideration therefor, was goods, the property of that firm, and purchased of them; that the interest of the other partners therein had not been assigned in any way to plaintiff, but that he was seeking fraudulently to collect the money, and appropriate the same to his own use. Reply in denial.

Second, usury; reply, denial. Third, as to cost and interest, usury; reply, denial. Fourth, that for the original consideration two notes were executed to the firm, which did not waive valuation, &c.; that the mortgage and notes sued on were afterward executed in lieu of said two notes, and intended by the parties to conform thereto in that respect, but through the false representation of plaintiff, and the mistake of the defendant, who had not an opportunity to examine said two notes, they were made to waive, &c. Prayer that they be reformed in that particular. Reply, denial.

As to the fifth a demurrer was sustained, and no question is here presented. Sixth, denial; seventh, that plaintiff is seeking to enforce a judgment rendered theretofore on said notes, &c.; denial in reply.

The interrogatories filed, and the refusal to compel answers to which is now complained of, were as follows:

1. "Have you any greater interest pecuniarily in this suit than the other members of the firm of *Blanchard, Converse & Co?*

2. "Do you own in your own right, and free from all claims of the said firm, the mortgage now sought to be foreclosed?

3. "Is it not true that the said firm still own and hold an equitable interest in said mortgage?"

The affidavit of *French* stated that he could not safely try, without the answer of plaintiff, by which he expected to show that the other members of said firm were equally the owners of said notes and mortgage; that the original consideration was the sale of goods as pleaded; that the other members of the firm have not assigned their interest to plaintiff; and that plaintiff resides, and now is, in *Boston,* &c.; that said facts are true, and he knows of no other witness, &c.

It is insisted by the appellee, that appellants were not entitled to the rule to compel an answer to the interrogatories at the *February* term, 1860, for two reasons: first, that by diligence he might have obtained the testimony of plaintiff after the interrogatories were filed; second, that they are estopped from setting up the facts sought to be elicited by the answers, because of the execution of the mortgage, &c.

To this it is answered, in argument, that plaintiff can not avail himself of the estoppel without pleading it; and that there was not a want of diligence in attempting to procure an answer to interrogatories; which was a mode the defendants had a right to choose in procuring the evidence.

We do not think there was any want of diligence, in the efforts of the defendants to procure answers to the interrogatories; in view of the decision on the demurrer to the first paragraph of the answer at the *March* term, 1859, and the leave granted to file an amended first paragraph, intended to put in issue the same facts, filed at the *February* term, 1860. It may be possible that if the first paragraph originally filed, to which the interrogatories were applicable, had not been demurred to, that the defendant would, at the *February* term, 1860, have been dilatory in then asking to enforce an answer. But as the Court then permitted that answer to be perfected, the defendants had a right to a response to the interrogatories, unless something, other than the question of diligence, intervened.

This brings us to the next question; for if the defendants were estopped from making the proof sought, and the plaintiff was in a condition to avail himself of the estoppel,

May Term, 1861.

FRENCH
v.
BLANCHARD.

it was useless to continue for the evidence of the said plaintiff.

The mortgage operated as an estoppel. *Trimble* v. *The State*, 4 Blackf. 435; *id.* 553; 3 Ind. 449; 7 *id.* 213; 12 Peters, 257. The estoppel was apparent upon the face of the pleadings, and therefore a demurrer to parts of the answer, if filed, should have been sustained. None was filed, but issue was taken upon the objectionable parts of the answer. Was the estoppel available, under such circumstances, to exclude evidence offered upon the issue thus made? We are of opinion it was not. The plaintiff did not see proper, by demurrer, to rely upon the estoppel, and rid himself of the issue of fact tendered; but waiving the conclusiveness of such estoppel, he formed the issue of fact, and the defendants were therefore entitled to offer evidence upon that issue. 1 Greenl. Ev. § 531; *Picquet* v. *McKay*, 2 Blackf. 468; 4 *id.* 437. And under our statute they were entitled to the answer of the plaintiff to the interrogatories above noticed.

It is insisted that the Court erred in not continuing for the evidence of one *Crossman*. The affidavit filed, to procure such continuance, did not allege that he was a competent witness, nor did it specially show the facts expected to be proved by him; but averred that the affiant expected to prove " all the material allegations in the second, third and fourth paragraphs of his answer;" neither did it aver that the same facts could not be as readily proved by some other witness. The affidavit was not sufficient.

The next objection is that the judgment is erroneous, in this, that it is not only for a foreclosure of the mortgage, but directs that if the mortgaged premises do not sell for sufficient to satisfy the debt that execution issue, &c.; and that the latter part of the judgment could not be rendered, as the record shows that a judgment, had before that time been taken upon the notes, and had consequently merged the same, &c.

The plaintiff does in his complaint, in stating the amount due him, aver that the whole of the principal and interest are due, except that he had theretofore recovered judgment upon

said notes, and realized thereon the sum, &c.; but he does not plead, nor rely upon, said judgment, and we are therefore of opinion, that it is not so distinctly stated in the pleadings, as to enable us to pass upon the question sought to be presented, in that respect.

A new trial should have been granted

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. A. Liston,* for the appellees.