I. L. STEPHENS, Respondent, *v.* THE ST. LOUIS NATIONAL BANK, Appellant.

1. *Banks, liability of—Limitations as to time.*—The act of the Legislature of February 15, 1864 (Sess. Acts 1863–4, p. 13), entitled "An act amendatory of the act to regulate banks and banking institutions," which provided in section 3 of said act that all claims, dues, and demands of said banks not presented within two years should be forever barred, saving the usual disabilities, did not establish so unreasonable a period of limitation that the Supreme Court will declare the law unconstitutional. As it was an act that attracted almost universal attention, and but a small quantity of notes were in circulation, the owners of the notes had ample time to protect themselves; and if they failed to exercise the diligence necessary for that purpose, their loss is attributable solely to their own carelessness and neglect.

2. *Statutes of Limitations — Presumptions.*—Statutes of limitations proceed upon the presumption that by lapse of time and omissions on his part the party has forfeited his right to assert his title at law. While it is incumbent on every good government to furnish its citizens with the necessary and efficient remedies, it is not bound to keep its courts open an indefinite period to accommodate those who refuse or neglect to apply for redress within a reasonable time.

3. *Statutes of Limitation — Essentials to validity of.*—Limitation acts are based on the idea that the party has had an opportunity to try his rights in the courts. A statute which should bar the existing rights of claimants, without affording that opportunity, after the time when the statute should take effect, would not be a statute of limitations, but an unlawful attempt to extinguish rights and destroy the force of contracts. It is essential, therefore, to their validity, that they allow a reasonable time after they are passed for the commencement of suits upon existing causes of action.

4. *Unconstitutional Law — Where a court could interpose.*—The unconstitutionality of a law must plainly appear before the court could interpose.

*Appeal from St. Louis Circuit Court.*

The facts appear in the opinion of the court.

*Dryden & Lindley,* and *Whittelsey,* for appellant.

The provisions of the act of February 15, 1864, do not violate the provisions of art. I, § 10, of the constitution of the United States, nor those of art. XIII, § 17, R. C. 1855, p. 85, of the constitution of this State. The act is but a statute of limitations, requiring all parties to present their claims within two years or to stand barred. It is not in any way retrospective in its operations; it acts only on the future. All parties having

demands against the bank, due at the branch, are allowed two years within which to present their claims after notice given. The authority of the State to enact such a limitation can hardly be questioned. "There is no direct constitutional inhibition upon the States, nor any clause of the constitution from which it can be even plausibly inferred, that the State may not legislate upon the remedy in suits upon judgments of other States, exclusive of all interference with their merits." (McElmayle v. Cohen, 13 Pet. 312, 328 ; Bank of Alabama v. Dalton, 9 How. 522.) "A State may regulate at pleasure the mode of proceeding in its courts, in relation to past contracts as well as future. It may, for example, shorten the period of time' within which claims shall be barred by the statute of limitations." (Bronson v. Kinzie, 1 How. 311, 315 ; Jackson v. Lamphire, 3 Pet. 280, 290 ; Sturgis v. Crowninshield, 4 Wheat. 122.)

It is true that the original charter of the Bank of St. Louis did not require its notes to be presented within any definite time ; and, as they were payable only on demand, until demanded no limitation could commence running, had the statute applied to such cases, which it did not. (R. C. 1855, p. 1052, § 11.) But that did not prevent the Legislature from enacting a statute to wind up the banks, and to limit the time within which demand should be made or suit instituted. In this case the Bank of St. Louis has ceased to exist as a State corporation, and has become a corporation under the act of Congress, as the St. Louis National Bank. The Kirksville Branch was wound up and all its assets distributed among those who held its stock ; and now, when the time limited by the statute has passed, the new company is· called upon to pay the debts of this extinct corporation. There has been no violation of any contract. The holders of notes were required to make demand within two years from the date of notice given of the winding up, which they have failed to do, and are bound by their own laches.

*Draffin, Hutchinson & Muir*, for respondent.

The sixth section of the act of the Legislature, approved February 8, 1864 (Sess. Acts 1863–4, p. 151), is in contravention

of the tenth section of the first article of the constitution of the United States, which provides that "no State shall pass any law impairing the obligation of contracts."

The notes on which this suit is instituted were issued and put into general circulation by the Kirksville Branch; they are made payable "on demand." The contract, then, between the bank and the holders of these notes, was that the notes should be paid when presented by the holders. No time was limited by the contract, the notes, or by the act of Legislature incorporating said bank, within which these notes should be presented. The holders of the notes had the right to present them whenever it suited their interest or convenience, with no limitation on this right other than that imposed by the general limitation law. This was the condition of the parties at the time these notes were issued. The act of the Legislature, against the interest and consent of the holders, steps in and declares that if these notes shall not be presented within a given time—viz: two years—they shall be forever barred.

It has been authoritatively decided that the Legislature possesses no power to alter a charter of a bank against the consent of the corporation, for the reason that it infringes the provision of the constitution of the United States as above quoted; that is, that it impairs the obligation of the contract created in favor of the corporation by the original charter. But the question here is, can the Legislature, at the instance of the corporation, pass a law which in its operation interferes with and injuriously affects the rights of third parties in reference to their existing contracts with said corporation?

Plainly, it is incompetent for the Legislature so to do. This provision of the constitution of the United States has been so repeatedly the subject of consideration by the courts of this country that it is not deemed necessary to cite to this court particular cases.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff sued the defendant upon notes issued by the Kirksville Branch of the Bank of St. Louis. The Bank of St. Louis had organized under the act of 1857 (Sess. Acts 1856–7,

pp. 14–31), and had established a branch at Kirksville. By the act of the Legislature of February 15, 1864 (Sess. Acts 1863–4, p. 13), entitled "An act amendatory of the act to regulate banks and banking institutions," provisions were made for winding up the branch banks, and section 3 provided that all claims, dues, and demands of said banks not presented within two years should be forever barred, saving the usual disabilities.

The defendant answered, setting up the fact that said Kirksville Branch had been wound up in accordance with the said statute, and that due notice had been given as required by the act, and that the demand of the plaintiff was not prosecuted within two years after notice given by advertisement, as required by law.

To this answer the plaintiff demurred, on the ground that the provisions of said act of February 15, 1864, were unconstitutional, as impairing the obligations of a contract. The demurrer was sustained by the Circuit Court, and, the defendant having no other defense, final judgment was given for the plaintiff, and the defendant appealed.

The validity of the law limiting the time for the presentation of the notes for payment is the only question upon which a determination is sought. Statutes of limitations are in strict conformity with the law of the land, and are unobjectionable in principle, although they sometimes result in depriving a person of his property. They proceed upon the presumption that by lapse of time and omissions on his part the party has forfeited his right to assert his title at law. They have been regarded as statutes of repose, and are in their effect and operation highly beneficial. While it is incumbent on every good government to furnish its citizens with the necessary and efficient legal remedies, it is not bound to keep its courts open an indefinite period to accommodate those who refuse or neglect to apply for redress within a reasonable time. Limitation acts are based on the idea that the party has had an opportunity to try his rights in the courts. A statute which should bar the existing rights of claimants without affording that opportunity, after the time when the statute should take effect, would not be a statute of limitations,

but an unlawful attempt to extinguish rights and destroy the force. of contracts. It is essential, therefore, to their validity, that they allow a reasonable time after they are passed for the commencement of suits upon existing causes of action. (Price v. Hopkins, 13 Mich. 318; Call v. Hagger, 8 Mass. 433; Society, etc., v. Wheeler, 2 Gali, 141; Blackford v. Peltier, 1 Blackf. 36; Thornton v. Turner, 11 Minn. 339; Berry v. Ramsdell, 4 Met., Ky., 292.)

" Whatever," says Mr. Smith, " belongs merely to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract. But if that effect is produced, it is immaterial whether it is done by acting on the remedy or on the contract itself. In either case it is prohibited by the constitution." (Smith's Com. on Const. and Stat. Constr. 388.)

The same authority says: " Although ordinary statutes of limitation to actions are not within this clause, yet if such a statute should be passed which did not allow a reasonable time after the passing thereof for the commencement of suits on existing causes of action, such an act would be unconstitutional." (*Id.* 40.) This view is sustained by the Supreme Court of the United States. (Sturgis v. Crowninshield, 4 Wheat. 207; Jackson v. Lamphire, 3 Pet. 290.)

In the well-known case of Bronson v. Kinzie, 1 How. 311, 315, it was said: " A State may regulate at pleasure the mode of proceeding in its courts, in relation to past contracts as well as future. It may, for example, shorten the period of time within which claims shall be barred by the statute of limitations."

These authorities are conclusive as to the power; and generally what will be deemed a reasonable time within which claims shall be presented and prosecuted must be determined by the Legislature; though should that body enact a law that was so short in time that its effects would be to deprive claimants of the power of asserting their rights, it would be clearly a meddling with the obligation of contracts and an impairment thereof, and the courts would be fully warranted in interference for the citizen's protection.

Thus, is the case of Berry v. Ramsdell, where the Legislature enacted a law prescribing a thirty days' limitation, and made it

embrace all cases, whether the right of action accrued before or after its passage, the Supreme Court of Kentucky held that the time was unreasonable and the law was unconstitutional and void.

So in Jackson v. Lamphire (3 Pet. 290), Judge Baldwin, speaking for the court, said: "It is within the undoubted power of State Legislatures to pass recording acts by which the elder grantee shall be postponed to a younger, if the prior deed is not recorded within the limited time; and the power is the same whether the deed is dated before or after the passage of the vending act. Though the effect of such a law is to render the prior deed fraudulent and void against a subsequent purchaser, it is not a law impairing the obligation of contracts. Such, too, is the power to pass acts of limitation and their effect. Reasons of sound policy have led to the general adoption of laws of both descriptions, and their validity cannot be questioned. The time and manner of their operation, the exceptions to them, and the acts from which the time limited shall begin to run, will generally depend on the sound discretion of the Legislature, according to the nature of the titles, the situation of the country, and the emergency which leads to their enactment. Cases may arise where the provisions of a law on those subjects may be so unreasonable as to amount to a denial of a right and call for the interposition of the court; but the present is not one."

In the case under consideration the law provided that publication should be made in newspapers, and that two years, after notices published, should be given to all note-holders to present the same for payment. Considering all the circumstances, it can not be adjudged that two years was such an unreasonable time as would authorize the court to declare the law unconstitutional. It must appear plainly so before the court could interpose. As it was an act that attracted almost universal attention, and but a small quantity of notes were in circulation, the owners of the notes had ample time to protect themselves; and if they failed to exercise the diligence necessary for that purpose, their loss is solely attributable to their own carelessness and neglect.

For the foregoing reasons the court erred in sustaining the demurrer; and, as there is no reason for remanding the case, the judgment will merely be reversed. The other judges concur.