————o————

AUGUST SEIBERT, *et al.*, Respondents, *vs.* SAMUEL COPP, Appellant.

1. *St. Louis—Charter of* 1870—*Two years limitation applicable to special tax bills issued theretofore—Effect of, upon.*—Under the then charter of St. Louis, action on a special tax bill issued in 1869, would not be barred for five years. It was held that the limitation of two years to suits on special tax bills contained in the charter of 1870 (Sess. Acts, 1870, p. 481, § 16), was applicable to tax bills issued theretofore, and that the owner of the bill issued in 1869 had two years after the passage of the act of 1870, and no more, within which to bring suit. After that time the tax bill ceased to be a lien, capable of enforcement on the property taxed. A special tax bill is not a charge in equity on the land assessed.

2. *Limitations—Former remedy may be shortened, when.*—The time of enforcing a remedy may be shortened by an act of the legislature, provided the act does not operate to deprive the party of his remedy, and leaves him a reasonable time within which to sue.

3. *Special tax bills—Two years limitation not repealed by act of* 1871.—Section 7, of the Act of March 18th, 1871 (Sess. Acts 1871, p. 194), touching the collection of special tax bills in the city of St. Louis, did not repeal the provision of the act of 1870 (Adj. Sess. Acts, 1870, p. 481, § 16), limiting actions on such bills to two years.

### *Appeal from St. Louis Circuit Court.*

*Hitchcock, Lubke & Player,* for Appellant, cited City to use, etc. vs. Allen, 53 Mo., 44, 54; Blackw. Tax Tit., pp. 28, 29, 39, 43 *et seq.*; Adj. Sess. Acts, 1870, p. 481, § 16; Stephens vs. St. Louis National Bank, 43 Mo., 385, 388; St. Louis vs. Newman, 45 Mo., 139.

*F. & L. Gottschalk,* for Respondent, cited City to use, etc. vs. Newman, 45 Mo., 138; Sess. Acts, 1871, p. 194, § 7;

2 Dil. Mun. Corp., §§ 653, 660, and cases cited; Dubuque vs. Harrison, 34 Iowa, 166.

Hough, Judge, delivered the opinion of the court.

This action was brought on the 18th day of September, 1872, by August Seibert in his own right, and as administrator of Frederick Gabel, deceased, to enforce the lien of a special tax bill for the sum of $1,413.92, alleged to have been issued by the city engineer of the city of St. Louis, on the 4th of September, 1869, against certain property in said city, belonging to the defendant, for curbing, guttering, macadamizing and paving done by the said Seibert and Gabel as partners, under and by virtue of a contract made with them by the city authorities, in pursuance of the charter and ordinances of said city.

The answer of the defendant put in issue all the allegations of the petition, and pleaded specially that the alleged lien of the tax bill sued on expired in September, 1871, no suit to enforce the same having been instituted within two years after the day of its date. To this answer there was no reply. When the cause was called for trial, defendant moved for judgment on the pleadings, which motion was overruled, and defendant excepted. At the trial, defendant objected to the introduction in evidence of the tax bill sued on, on the ground, that the lien thereof had expired, and all right of action on the same was barred, and it was inadmissible as evidence of any liability on the part of the defendant, which objection was overruled, the tax bill admitted, and defendant excepted. Defendant introduced testimony for the purpose of showing that the contract, under which the work was done, was illegal and invalid, in that a change had been made in the original contract by the plaintiffs and the city authorities, to which the sureties on plaintiff's bond, for the faithful performance of his contract, were not parties, and did not assent, as required by the ordinance under which the change was made. Defendant asked the following instruction:

"Defendant prays the court to instruct the jury, that upon the whole evidence in this cause, the plaintiff is not entitled

to recover; that it appears from the allegations in the petition, and from the record in this cause, that the certified tax bill mentioned in the petition, the lien whereof is sought to be enforced in this suit, was made out and dated on the 4th day of September, 1869, and that the proceedings at law to collect said tax bill were first commenced in the month of September, 1872, the jury are instructed that prior to the month of September, 1872, the said tax bill had ceased to be a lien on the land therein mentioned, and plaintiff cannot recover in this action."

This instruction the court refused to give, and defendant excepted. There was a finding and judgment for the plaintiff, which was affirmed at General Term, and defendant has appealed to this court.

The material question presented by this record for our determination, is, whether plaintiff's action was barred by the statute. Under the law in force, at the time the tax bill sued on was issued, an action upon it would not have been barred for five years after its date. (City of St. Louis to use, etc. vs. Newman, 45 Mo., 138.) The 14th section of article 8, of the act of March 4, 1870, to revise the charter of the city of St. Louis, provides that all special tax bills for work contemplated by it shall be made out by the city engineer, and by him registered and certified and delivered to the comptroller, to be by him registered and countersigned, and then delivered to the person in whose favor they have been issued, for collection. The 15th section provides, that said tax bill shall be a lien on the property charged therewith, and may be collected by the contractor in his own name, makes them *prima facie* evidence of certain things, provides for certain defenses, and exempts the city from all liability on account of any work done, for which such bills were issued. The 16th section is as follows: "Whenever any such special tax bill issued heretofore, or hereafter to be issued. shall be paid, it shall be entered satisfied on the register in the comptroller's office; and any tax bill that is not entered satisfied within two years after its date, unless proceedings in law shall have been com-

menced to collect the same within that time, and shall be still pending, the lien shall be destroyed and of no effect against the land charged therewith." It is contended by the respondent that the words "any such special tax bill" in this section refer only to the tax bills to be issued under the 14th and 15th sections, the substance of which is given above. This section must be regarded as speaking from the date of its passage, the day it took effect; and how "any such special tax bills" could have been "issued heretofore" under an act just taking effect is, to say the least, not very clear. It is quite evident that the framers of this section recognized the fact that tax bills, of the character provided for in the 14th and 15th sections, may have been issued under the former charter, and intended to provide an uniform and guarded method of preserving evidence of the satisfaction of such bills when paid, as well as those to be thereafter issued, and, also, to prescribe a time in which proceedings to enforce the same should be instituted, shorter than that allowed by previous laws. This, it was competent for the legislature to do, provided it did not thereby deprive any party of his remedy, and left him a reasonable time, in which to institute proceedings for its enforcement. (Stephens vs. St. Louis National Bank, 43 Mo., 385.)

In the case of Callaway County vs. Nolley (31 Mo., 398) Judge Scott uses the following language in regard to the limitation act passed in 1847 : " The construction put upon the existing statute of limitations as to real actions is that where ten years have elapsed, from the taking effect of the act, the action is barred, although it first accrued under some other act of limitations which gave a longer period within which to bring it."

The case of Weber vs. Manning (4 Mo., 229) is precisely in point. There a statute declaring that all actions of debt founded on any writing, whether under seal or not, should be commenced and sued on within ten years next after the cause of action should have accrued, was construed to give a right of action within ten years after the passage of the

act, though more than ten years had elapsed after the cause of action accrued before suit was brought. The instrument in suit in that case was a bond, payment of which would not have been presumed, at common law, until after a lapse of twenty years. Following the rule laid down in the case last cited, the section under consideration must be construed to have created no bar to plaintiff's action after the lapse of two years from the date of the tax bill, but only in two years from the date of the passage of the act. Plaintiff having permitted the full period of the new statute to elapse, without asserting his rights, the lien of the tax bill was thereby destroyed. No question having been made at any stage of the trial as to the defendant's plea of the statute of limitations, but it having been treated throughout by the parties as raising the question of the general applicability of the 16th section of the act of 1870 to the plaintiff's claim, we have felt bound to so consider it.

It is further contended by the respondent that, although the lien of the tax bill may have been destroyed by the limitation prescribed by the 16th section, still the bill itself is not thereby rendered a nullity, but continues to be a claim or charge against the property described in it, capable of enforcement within the period of five years. The distinction made in equity between a charge and a lien is not applicable to a case like this. Equitable liens on real estate are said to be available by way of charge only; but such charge must arise from equities growing out of the contracts or acts of the parties. In the case of special tax bills, the statute without the assent of the owner, and often against his will, imposes a liability upon the property benefited by the improvement, which is declared to be a lien; this lien arises from no equities between the parties, nor is it enforceable in equity. The tax bill cannot be both a charge and a lien. The property is charged with a lien, and, when the lien is destroyed, no charge remains.

In the case of Neenan vs. Smith (50 Mo., 525), in which it was decided that no personal judgment could be rendered

against the owner of property in a proceeding to collect a tax bill of the kind in question, the words " charge " and " lien " employed in reference to such tax bills are used synonymously. A special tax bill has no validity or existence, save as a lien on the land charged by it. It constitutes no personal charge against the owner (St. Louis vs. Allen, 53 Mo., 57), and when the lien is extinguished or barred, all right of action thereon expires.

It is further contended by the respondent that the 16th section of the act of March 4th, 1870, was repealed by the 7th section of the act of March 18th, 1871, in relation to the collection of special tax bills in the city of St. Louis. This section is as follows : "Appeals to the St. Louis circuit court shall be allowed from the judgment of justices courts, in all cases prosecuted under this act, in the manner prescribed for appeals in other civil actions ; and when the defendant appeals, if the judgment be affirmed, or if on the trial anew in the appellate court judgment be given against the appellant, such judgment shall be rendered against him and his sureties in the recognizance for the amount of such tax bill, interest and ten per cent. added thereto as damages; but no appeal shall in any way affect or impair the lien of the tax bill upon the property described therein ; and such tax bills shall, from the time the same are issued, until they are paid, constitute a lien upon the property therein described." There is nothing in the nature of these claims, nor in the general policy of the law in regard to the limitation of actions, to induce the belief, that the legislature, in little more than a year after having reduced the limitation from five to two years in actions of this kind, intended to remove all restrictions and create a lien of unlimited duration.

Nor is there anything in the act itself, which will authorize such a conclusion. The section quoted is concerned alone about appeals, and the language employed was obviously intended to remove all doubts that might arise as to the continuance of the lien in consequence of the security afforded by the judgment upon the recognizance therein provided for.

This section and the 16th section of the act of 1870, as to the duration of the lien, are not irreconcilably inconsistent, but can stand together, and must be so construed.

It is unnecessary to say anything as to the validity of the contract, under which the work was done, after the change was made in it.   For the refusal of the court to give the instruction asked by defendant, the judgment of the General Term, and that also of the Special Term, will be reversed and the cause remanded to the Special Term.   All the judges concur.