No. 11,272.

## MILLER v. HARKER.

CONTINUANCE.—*Affidavit for.*—*Absent Witness.*—*Attorney and Client.*—An affidavit for a continuance because of absent testimony is not sufficient unless it states the facts to which the absent witness can testify; nor is such affidavit sufficient on the ground that the party's counsel is not familiar with his defence, unless it shows that since the withdrawal of former counsel who was familiar with the defence, sufficient time has not elapsed, by the exercise of reasonable diligence, to enable the party to place his counsel in possession of the facts; nor is such affidavit sufficient on the ground of the party's own absence, unless it is shown that such party has a defence to establish.

From the Shelby Circuit Court.

*G. W. Cooper, E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellant.

*W. W. Lambert, S. Stansifer* and *W. D. Stansifer,* for appellee.

BEST, C.—This action was brought by the appellee against the appellant, to foreclose a mortgage.

Several defences were interposed, usury, payment, want of consideration and set-off. The cause has been three times tried. The first time a verdict for $575 was returned, and a new trial granted to the plaintiff. The second time a verdict for $599.17 was returned, and a new trial granted by agreement. The third time a verdict for $775 was returned, and judgment rendered upon the verdict. A motion for a new trial, on the ground that the court erred in refusing to continue the cause, was overruled, and this ruling presents the only question in the record.

The affidavit in support of this motion was made by the appellant, and averred, in substance, that " she has a good and sufficient defence to plaintiff's cause of action, as shown by her answers to the complaint; " that she is a competent witness in her own behalf, and that " her testimony is indispensable and necessary to support the defence ; " that she had employed the Hon. Francis T. Hord to defend said cause, and that he did defend it during the two preceding

Miller *v.* Harker.

trials; that since the last trial he has been elected Attorney General of the State, has removed to Indianapolis and withdrawn from the defence of said cause; that since she learned of his withdrawal she has been detained at her home by the sickness of her son, who is confined to his bed with consumption, and who is likely to die any hour; that she has no husband, other children or person to care for said son, and that she can not leave him; that "there is no person familiar with her defence who can conduct it in her absence," etc.

This affidavit was not sufficient to continue the cause because of absent testimony. It failed to allege any material fact to which the appellant could testify, or that the facts constituting her defence could not be proved by other witnesses whose testimony could as readily have been procured. The want of these averments rendered the affidavit insufficient for such purpose. *French* v. *Blanchard*, 16 Ind. 143.

It was insufficient on the ground that her counsel was not familiar with her defence. It is not stated when she was informed that Hon. Francis T. Hord had withdrawn from the case, and for aught that appears abundant time may thereafter have elapsed to enable her, by the exercise of ordinary diligence, to have employed and fully informed other counsel of her defence. Neither ground of defence seems intricate or difficult, and no reason occurs to us why other counsel may not readily have become familiar with such defence. It is averred, it is true, that she was detained at home by the sickness of her son after she heard of the withdrawal of her attorney, but this alone is no excuse for failing to employ another, and to put him in possession of the facts constituting her defence, if a reasonable time elapsed for such purpose. The contrary is not averred, and therefore we must presume that such time elapsed.

The affidavit was also insufficient on the ground of her absence as a party. If she resided some distance from the place of trial (a point upon which the affidavit is silent); the excuse for her absence was sufficient, but a sufficient excuse

for her absence did not, of itself, entitle her to a continuance. It must also appear that her presence was necessary in order to establish a defence. . If she had none, her presence was not necessary. She says she had a defence " as shown by her answers." Her answers were contradictory ; one alleged a want of consideration, another usury as to all except $330, and another payment in full. A reference to these was not equivalent to the statement of a defence, especially as it was not stated that the facts contained in either were true. In the absence of such statement the affidavit was insufficient in this respect.

The affidavit being insufficient, the motion to continue was properly overruled, and the judgment should therefore be affirmed.

PER CURIAM.—It. is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

