MARATHON FINANCE CORPORATION, Appellant, vs. RICE LAKE AUTO COMPANY, Respondent.

*November 3—December 2, 1941.*

For the appellant there was a brief by *Wiley & Wiley* of Chippewa Falls, attorneys, and *William F. Krueger* of Wausau of counsel, and oral argument by *Marshall Wiley*.

For the respondent the cause was submitted on the brief of *G. P. Gannon* of Rice Lake and *Charles A. Taylor* of Barron.

FOWLER, J.    The action is replevin.    The ground of the action is that the plaintiff as mortgagee was entitled to seize

the property mortgaged for default of the mortgagor. Default in payment of the mortgage debt is admitted by the answer. About eight months intervened between the execution of the mortgage and the seizure of the property. There is no direct evidence that the property seized was covered by the mortgage, and the trial court granted dismissal because there was no such proof.

The facts appearing are that the mortgage described a part of the property mortgaged as "all machinery, equipment, parts and accessories in the garage of the Rice Lake Auto Company, of Rice Lake, Wisconsin," without enumeration of the articles. This description was sufficient to validate the mortgage of property falling within the general description. Jones, Chattel Mortgages (5th ed.), §§ 54a, 54b, and 65. The property seized was of the kind covered by this description and was in the garage described in the complaint when it was seized.

The plaintiff in support of its appeal relies principally on the proposition that it was not required to offer proof that the property seized was covered by the mortgage because the answer of the defendant admitted such fact. The answer does not expressly so admit. It by not denying impliedly admits the allegations of the complaint that at the time of the execution of the mortgage the property mortgaged was owned by the defendant and was located in its garage at Rice Lake; and it also so admits an allegation that the plaintiff prior to suit demanded of the defendant "possession of such machinery and equipment and that it be allowed to enter on the defendant's premises where the same *then was* . . . but that the defendant refused . . . to deliver *the same* . . . and refused to allow the plaintiff to enter and take possession of *said property.*" The italicized words in the above quotation "the same" and "said property" refer to the mortgaged property, but do not specifically refer to the property seized. The implied admission of the answer here is that the mortgaged property was in the garage when the plaintiff demanded possession of it. The record does not contain the writ of replevin or any return to

the writ showing seizure of property under it, and there is no evidence in the record that any property was seized by the sheriff. However, it does appear from statements of counsel made upon the trial that it was conceded that property named on a list before the court was seized by the sheriff and a witness in his testimony named each item on this list and placed a value upon it. All but two or three of the articles so named fall within the general description of the mortgaged property as "machinery and equipment" and the two or three fall within the general term of the mortgage as "parts and accessories."

It was held in *Muldowney v. McCoy Hotel Co.* 223 Wis. 62, 269 N. W. 655, as to furniture, rugs, linen, bedding, etc., included in a chattel mortgage and located in a hotel at the time of a seizure in replevin three years after execution of the mortgage that seizure of all the property seized could not be upheld in absence of proof that the property seized was in the hotel at the time of the execution of the mortgage, and the case was remanded for a new trial. This holding was the basis of the court's ruling in the instant case.

The mortgage involved in the case cited did not include after-acquired property. Hence, replacements of worn-out property were not covered by the mortgage. The property above named was of such nature that it would necessarily wear out in the interval of three years. Such articles were therefore replacements and seizure of such property was illegal. The instant mortgage does not cover after-acquired property and replacement of "parts and accessories" sold would not be covered by it. The interval between execution of the mortgage and seizure of the property in the case cited was five times as long as the like interval in the instant case. The only things seized that can be considered as falling within the description of "parts and accessories" are "mixed auto paints" and perhaps a few other items of small value. The great bulk of the items seized are machinery and equipment. Most of them are of such nature and such strong and lasting construction as

to warrant inference that they did not wear out during the short interval between the execution of the mortgage and the seizure and thus were not replacements. It seems manifest that the great part of the property seized was in the garage when the mortgage was executed and that its seizure was thus lawful, while a small part may not have been then in the garage and its seizure was unlawful. In this situation it seems plain that justice was not done in the instant case, and that the judgment should be reversed for a new trial under sec. 251.09, Stats., which empowers this court to take such course as justice may require.

The trial judge in an opinion filed indicates that a new trial would have been ordered had the plaintiff asked for it, but as plaintiff only moved for judgment on the verdict returned by the jury he dismissed the case. Neither was a new trial asked by the plaintiff in the *McCoy Hotel Co. Case, supra,* so far as the opinion or the case and briefs on file therein disclose. That case was dismissed by the civil court of Milwaukee county. On appeal to the circuit court it was reversed and remanded to the civil court with directions to enter judgment for the plaintiff. This court reversed the circuit court judgment because "substantial justice" would not be done by its affirmance and could not be done except by remitting the case to the civil court for a new trial in connection with reversing "that court's judgment." So here.

The plaintiff contends that to entitle the defendant to claim that the property seized was not covered by the mortgage it should have alleged the fact as an affirmative defense. We consider that under the allegation of the complaint that the plaintiff was entitled to possession of the mortgaged property it was bound to prove that the seized property was included in the mortgage. But this would be shown if from the implied admissions of the answer aided by the terms of the mortgage which was in evidence and the nature of the articles seized and their correspondence with the general description of the mort-

gage the jury inferred that the property that was seized was covered by the mortgage.

The defendant says in its brief that the list of property included with the record is a fugitive document, no part of the record, and cannot be considered as evidence. The plaintiff refers to this list as a "receipt" but there is nothing to indicate that it is such. There is not a word on it besides the names of articles and at the bottom "Rice Lake Auto Co. by H. Sherman. 8/15/1939." There is no exhibit mark on it and the record does not show that it was offered in evidence. Counsel for plaintiff state in the record that "the articles taken were listed and receipted for by the Rice Lake Auto Company. Now, let us see if we can match the articles, as identified in the receipt, with the articles listed on schedules C and D." A recess was then taken to permit comparison of the items on the two papers. Schedules C and D are shown by the record to be an inventory made in receivership proceedings after the execution of the mortgage, and are referred to as Exhibit 6, but neither schedule C nor D is in or with the bill of exceptions. Exhibit 7 is referred to in the bill of exceptions as purporting to be a "summary of the assets of the corporation coming into the hands of the receiver," but it is not incorporated in the bill. The court asked counsel if he wanted to offer Exhibits 6 and 7 and counsel said they "better be offered in evidence." Counsel for defendant objected to their receipt. It seems that Exhibits 6 and 7 were copies and the court sustained objection to them as not the best evidence and thus the matter rested. However counsel for defendant said in support of his objection to the plaintiff's offer : "There is a discrepancy . . . *in the receiver's inventory* and in the receipt given by Mr. Sherman." This seems to concede that the defendant by Mr. Sherman its managing officer receipted for the seized property. The writ of replevin is not with the record nor is there any return to the writ in the record giving a list of the property seized. But it would seem that the paper with Sherman's

signature at the bottom might properly be considered as a list of the property seized if that paper had been incorporated in the record. The fugitive documents are no part of the record. They should have been properly introduced in evidence and included in the bill of exceptions to entitle them to be considered on the appeal. The same is true of a delivery bond that is in the file purporting to have been given to the sheriff by the plaintiff to retain possession of the property seized. As to fugitive documents, see *Haney v. Clark,* 1 Pin. 301; *Milwaukee Corrugating Co. v. Industrial Comm.* 197 Wis. 414, 416, 222 N. W. 251.

*By the Court.*—The judgment of the circuit court is reversed, and the record is remanded with directions to vacate the judgment and order a new trial.