BOOKER *v.* ROBBINS & PAGE.

ILLEGAL CONSIDERATION—A plea that the *consideration* of a note sued on was a horse, bought by the maker for the *Confederate service*, with the knowledge of the payee, is a *good* defense, to a suit thereon, by the payee.

MIS-JOINDER OF PARTIES, ETC.—Where the assignor of a note is improperly joined with the assignee in a suit upon the note, and judgment is rendered in his favor, jointly with the assignee, although the judgment as to him is erroneous, yet if no motion be made in the court below to correct the error, it will be no ground for reversal in this court, and will be considered as waived.

*Appeal from Hempstead Circuit Court.*

HON. GEORGE W. MCCOWN, Circuit Judge.

*Garland & Nash*, for appellant.

*E. W. & D. Gantt*, for appellees.

HARRISON, J.

This was a suit, by James B. Robbins and James R. Page, against Thomas J. Booker, upon a promissory note executed by the latter to the said Robbins, payable to him or bearer, and assigned by delivery to the said Page. The defendant, in his answer, set up three defenses: *First.* That the consideration of the note was a horse, purchased, as Robbins, when he sold him, knew, for the military service of the Confederate States. *Secondly.* That the consideration, for which the note was assigned to Page, was Confederate money. *Thirdly.* That the money called for in the note, was, in the contemplation and meaning of the parties, Confederate money and not the lawful money of the United States.

The court sustained a demurrer to the entire answer, and upon that, and in respect to the defenses, just mentioned, the only questions in the case arise.

The first defense is directly within the decisions in *Tatum et al. v. Kelley, 25 Ark., 209: McMurty v. Ramsey, admr., Ib. 350, and Portis et al. v. Green, Ib. 376*; and the demurrer, as to it, should therefore have been overruled. The illegality of the consideration for the assignment of the note to Page, alleged as the second, was a matter of no consequence or concern to the defendant, for his contract was prior, as a matter of course, to the assignment, and was not in any wise affected by the turpitude in it, and there can be no doubt that Page, by the assignment, which was a contract fully executed, and which no court would therefore lend its aid to set aside, because of such illegality, become the legal owner thereof.

And, as to the third, the cases of *Roane v. Green & Wilson, 24 Ark., 210, and Leach v. Smith and wife, 25 Ark., 246,* are conclusive against its validity.

We are unable to conceive why Robbins was joined as a plaintiff in the suit, as the assignment divested him of all interest in the note; but although it was erroneous to render a judgment in his favor, jointly with Page, yet, inasmuch as such error might have been corrected on motion in the court below, but no such motion was made, it is according to section 886, of the Code of Practice, no ground for reversal in this court, and must be considered as waived; *Oldham v. Brannan, 3 Met., 302.* For the error, however, in sustaining the demurrer to the first defense in the answer, which presented a good bar to the action, the judgment of the court below must be reversed and the cause remanded.