B. BROWN AND E. A. BROWN v. FLORENCE CHENOWORTH.

1. JURY LAW—TRIAL BY JURY.—The jury law adopted by the fifteenth Legislature is not an abridgment of the constitutional right of trial by jury, but was designed to be a wholesome regulation of the system. It should not, by construction, be extended beyond the legitimate objects to be accomplished.

2. TRIAL BY JURY.—If at a preceding term of the court a jury has been waived or demanded, that fact should not control the right, in the discretion of the party, to demand at a succeeding term a trial by jury which had before been waived, or to waive such trial which had before been demanded.

3. PLEADING.—B pleaded, as a defense, when sued on a promissory note, that C, the plaintiff, after its execution, was adjudged a bankrupt; that the note was transferred to his assignee in bankruptcy for the benefit of his creditors, and that after his discharge in bankruptcy the note belonged to the creditors who had not been paid. C demurred to the answer, first, because it did not allege the note was ever reduced to possession by the assignee prior to his discharge; second, because B did not allege that he was a creditor of C, and he could not take advantage of any fraud committed on the other creditors: *Held*, That there was no error in a judgment sustaining

the demurrer; that C, the apparent owner of the note, might sue in his own name, and the mere fact that he was not the real owner would constitute no defense, either in bar or in abatement.

4. HANDWRITING — NON EST FACTUM — EVIDENCE — PRACTICE. — Much latitude should be given on cross-examination of a witness, when the purpose of the cross-examination is to ascertain the accuracy of the knowledge, skill, and judgment of a witness testifying as an expert. See the opinion in this case for a practice approved in the cross-examination of a witness on the question of handwriting.

5. WAIVER—PRACTICE.—When the actual issue made by the evidence under a plea of *non est factum* to a promissory note relates to the execution of the note, and no question is made regarding alterations apparent on its face until after the testimony is closed and the final argument on the merits has begun, objections to the note based on the alterations will be regarded as waived.

6. PRACTICE—EVIDENCE—FACT CASES.—See opinion for facts, under which it is held, that, after evidence tending to show a conspiracy, if the evidence shows to the mind of the judge trying a cause that a conspiracy had been formed connecting one not a party to the suit with it, it would not be error to permit in evidence his declarations made in pursuance of the common design of the conspiracy.

APPEAL from Travis.   Tried below before the Hon. E. B. Turner.

Florence Chenoworth, joined by her husband, John Chenoworth, brought suit to the April Term, 1877, of the District Court of Travis county, against J. S. Able, B. Brown, and E. A. Brown, on a promissory note of $11,000.

This note, she charged in her petition, had been executed and delivered by B. Brown and E. A. Brown to said J. S. Able for the purchase-money of three leagues and eleven labors of land in Kaufman county, Texas; that at the time of the execution of the note a deed was given by Able to B. Brown and E. A. Brown for the land in Kaufman county for which the note was given, and a vendor's lien reserved in the deed to secure the payment of the note; that Joseph S. Able, the payee of the note, transferred it before maturity, for a valuable consideration, to her, Florence Chenoworth.

On April 24, 1878, appellants filed an amended answer,

which contained a general denial, and the further pleas, that on the 21st of March, 1877, they paid appellee and her husband $350, which was accepted by them in full settlement of all matters involved in this suit; that appellee was not the owner nor the rightful holder of the note; that Joseph S. Able, the payee of the note, was adjudged a bankrupt while said note was his property, and all his property, including the note sued on, was transferred to John C. West, assignee of said Able, and after the discharge of said West, belonged to the creditors of Able, a small *pro rata* amount of their debts having been paid by the assets of Able administered in bankruptcy; that appellants paid the note to J. S. Able, and that afterwards he transferred it to his daughter as a gift.

Appellants also pleaded *non est factum.*

Appellee filed a supplemental petition April 26, 1878, in which she made her husband, John Chenoworth, a defendant. She demurred to the fifth count of appellants' answer, which set up that the note was not her property, by reason of the bankruptcy of Able, and the demurrer was sustained. She charged that she was forced to sign the compromise of the 21st of March, 1877, by force, threats, and fraud used by her husband and appellants, and traversed each of the counts in appellants' answer.

Appellants demurred to that part of appellee's replication in which she asked leave to make her husband a defendant and to proceed alone as plaintiff. The demurrer was overruled.

The parties went to trial on the merits of the case. There was a judgment in favor of plaintiff, against appellants and Joseph S. Able, for $15,707.66, foreclosing the vendor's lien on and ordering the sale of the land in Kaufman county.

Appellants filed motion for new trial, which was overruled by the court, whereupon they gave notice of appeal to the Supreme Court. The assignments of error noticed are apparent from the opinion.

*W. M. Walton* and *John B. Rector*, for appellants.

I. The court erred in refusing to give a jury in this case on the demand of the defendants Ben Brown and Earl A. Brown, which demand was made at the Spring Term of the District Court of Travis county, 1878, and said refusal of the court was excepted to at the time it occurred. (Jury Act of 1876, sec. 18, p. 81; sec. 11, p. 171.)

II. The court erred in sustaining plaintiff's exception and demurrer to the fifth count of the answer filed April 24, 1878, by defendants Brown and Brown. (Bump on Bank., sec. 5044, p. 480, ed. of 1877; Moore *v.* Jones, 23 Vt., 740–746; David *v.* Ferrand, 2 La. Ann., 596; Kane *v.* Pilcher, 7 B. Monr., 654; Holbrook *v.* Coney, 25 Ill., 547; Burton *v.* Lockert, 9 Ark., 411.)

III. A defendant on cross-examination by his adversary— the plaintiff—cannot be compelled to answer whether his signature shown to him is his, unless he be permitted to examine the writing to which it is subscribed.

It was error in this case—

First. Because said question, as put, is illegal, under the circumstances of the case.

Second. Because the witness cannot be legally asked to answer as to the isolated signatures.

Third. Before the witness can be questioned as to the signatures, he should be privileged to inspect said several papers and ascertain their nature, character, and contents.

Fourth. Because the examination of the witness in the manner proposed was unfair to the witness. The court overruled said objections, and required the witness to answer the questions as asked; to which ruling appellants excepted, and their bill of exceptions was allowed and marked number 5. (North American Fire Ins. Co. *v.* Throop, 22 Mich., 160; Commonwealth *v.* Whitney, Thach. (Mass.) Cr. Cas., 588.)

IV. The plaintiffs did not explain, before or after the introduction in evidence of the note sued on, the material alterations apparent on the face of said note, as they were required

to do by the plea of *non est factum* interposed by the defendants Brown and Brown.

Appellants pleaded *non est factum* as to the note sued on. The original note is sent up with the transcript in this case by order of the court, and the alteration in the note is in the date thereof. While there is much evidence *pro* and *con.* as to the execution of the note, there is an entire absence of evidence to explain the alteration of said note. ( 2 Pars. on Notes and Bills, 2d ed., p. 550; 2 Greenl. Ev., 2d ed., secs. 294, 300; 1 Greenl. Ev., 3d ed., secs. 564, 565, 568, 568*a; Speak v.* The United States, 9 Cranch, 28; 1 Phil. Ev., Cow. & Hill's Notes, 4th Am. ed., note 177; 2 Phil. Ev., Cow. & Hill's Notes, 4th Am. ed., note 432; 2 Pars. on Notes and Bills, 2d ed., 575; Bowers *v.* Jewell, 2 N. H., 543; Martendale *v.* Follet, 1 N. H., 95; Barrington *v.* Bank of Washington, 14 Serg. & R., 423–425; Chesley *v.* Frost, 1 N. H., 145; Smith *v.* Crooker, 5 Mass., 540, note *a;* Hatch *v.* Hatch, 9 Mass., 311; Hunt *v.* Adams, 6 Mass., 521, 522.)

V. The court erred in admitting the declarations of John Chenoworth in evidence over the objections of defendants Brown and Brown. (Baily *v.* Trammell, 27 Tex., 317; 1 Greenl. Ev., secs. 111, 334, 336; McKay *v.* Treadwell, 8 Tex., 178, 179.)

*Ward & Pendexter,* for appellee.

I. In order to be entitled to a jury, the party demanding the same must deposit, by 9 o'clock A. M. of the day fixed by the court for the trial of jury causes, a jury fee of $5 with the clerk of the court, or make affidavit of inability so to do.

This suit was instituted on the 28th day of December, 1876. The record fails to show that a jury fee was ever deposited in court at all, or that any affidavit was made stating an inability to do so. (Acts of 1876, secs. 11, 18, pp. 81, 171; Cushman *v.* Flanagan, 50 Tex., 389.)

II. In order to be entitled to a jury, demand must be made for the same and jury fee deposited by 9 o'clock A. M. of the

day fixed by the court for the trial of jury causes, at the first term of the court at which the case could be tried. (Acts. of 1876, secs. 11, 18, pp. 81, 171; Cushman *v.* Flanagan, 50 Tex., 389.)

III. A maker of a promissory note payable to a particular payee or bearer, cannot, in a suit brought by an indorsee, defend himself on the ground that the payee had no capacity to indorse it by reason of being a bankrupt. (Jackson *v.* Elliott, 49 Tex., 69; 1 Dan. on Neg. Inst., sec. 93, p. 73; Drayton *v.* Dale, 2 Barn. & Cress., 293.)

IV. It is proper for the plaintiff, on the cross-examination of a defendant who has filed a plea of *non est factum* to the instrument sued on, to submit to the defendant in such examination his signatures attached to the several instruments admitted to be genuine, and interrogate him in regard to said signatures without showing him the contents of said instruments, for the purpose of testing his ability to recognize his signature when he sees it.

V. A *prima-facie* case of conspiracy between John Chenoworth, Dr. B. F. Hammond, (agent of the Browns,) and the Browns having been established, it was not error in the court to admit the declarations of John Chenoworth, one of the conspirators, touching the execution of the common design. (1 Greenl. Ev., sec. 111, pp. 141, 142, and authorities there cited.)

VI. A principal cannot ratify a contract obtained fraudulently by his agent without becoming thereby a party to the fraud. (1 Pars. on Cont., 2d ed., p. 44, and authorities there cited; Story on Cont., 2d ed., sec. 164; Hovey *v.* Blanchard, 13 N. H., 145; Jennings *v.* Moore, 2 Vern., 609; Henderhen *v.* Cook, 66 Barb., 21; Story on Agency, pp. 298–307, and authorities there cited.)

BONNER, ASSOCIATE JUSTICE.—The first assignment of error is as follows: The court erred in refusing to give a jury in this case on the demand of the defendants Ben Brown and

Earl A. Brown, which demand was made at the Spring Term of the District Court of Travis county, 1878, and said refusal of the court was excepted to at the time it occurred.

The bill of exceptions shows that at the commencement of the term of the court the judge set the jury trial docket in civil cases for the fourth week, and proceeded to work on the non-jury docket. During the first week, and before this cause was reached as a non-jury case, the appellants asked the court to grant them a jury in said cause, which request was refused, on the ground that a jury had not been demanded at a prior term of the court, the case having been at issue before the day fixed at the prior term of the court for calling the jury trial docket. Appellants excepted to the ruling of the court refusing a jury.

In the case of Dean *v.* Sweeney, *ante*, p. 242, decided at the late Galveston Term, we held that the acts of the fifteenth Legislature, 78 and 170, were not intended as an abridgment of the common-law and constitutional right of trial by jury, further than would result from a wholesome regulation of the system, and should not, by too liberal construction, be extended beyond the legitimate objects to be accomplished; that if at a preceding term a jury had been waived or demanded, this should not control the right, in the discretion of a party, to demand at a succeeding term a trial by jury which had before been waived, or to waive such trial which had before been demanded.

That the defendant had not tendered the jury fee, was, we think, under the circumstances, immaterial. The refusal was not placed by the court on this ground, but specially because the jury was not demanded at the first term when issue joined, thus, for the purposes of the motion, dispensing with the tender; and, besides, the case was called for trial before the expiration of the time when, under the law, the defendants had the right to deposit the jury fee.

The first error assigned was well taken, and for this the judgment must be reversed.

As the cause must be remanded, we deem it proper, as far as we can without prejudice to either party on another trial, to express an opinion on some of the other points raised in the record.

The defendants pretermit in their brief the second, fifth, and ninth errors assigned.

The third error assigned is, that the court erred in sustaining plaintiff's exception and demurrer to the fifth count of the answer filed April 24, 1878, by defendants Brown and Brown.

In the fifth count, appellants pleaded that appellee was not the rightful owner and holder of the note sued on; that Joseph S. Able, the payee, while it was his property, was, on his own petition, adjudged a bankrupt in the United States Court for the Western District of Texas, and that all his property, including the note sued on, was, by authority of said court, transferred to John C. West, assignee of Able, and vested in him for the benefit of creditors; that after the discharge of West as assignee of Able, such property as had vested in him as assignee, and had not been disposed of by him, belonged to the creditors in bankruptcy of Joseph S. Able, they having received only a small percentage of their indebtedness, and their claims being still unpaid.

To this the plaintiff filed general demurrer, and also two special demurrers—

1. That said count did not allege that the property in question was ever reduced to possession by the assignee prior to his discharge.

2. That appellants did not aver that they were creditors of said Able, and they could not take advantage of the fraud (if fraud there was) perpetrated upon the other creditors of Able.

These demurrers were, in our opinion, well taken.

It has been repeatedly decided by this court, that the apparent legal owner of a negotiable note may maintain a suit on the same, and that the mere naked fact that he is not the

real owner would not be matter of defense, either in bar or in abatement; but that the defendant must allege and prove some matter of defense against the beneficial owner. (McMillan *v.* Croft, 2 Tex., 397; Thompson *v.* Cartwright, 1 Tex., 87; Butler *v.* Robertson, 11 Tex., 143; Andrews *v.* Hoxie, 5 Tex., 183; Jackson *v.* Elliott, 49 Tex., 69.)

The fourth error assigned is, that the court erred in requiring defendant Ben Brown to answer, over the objection of his and E. A. Brown's counsel, the question of plaintiff's counsel, asked *seriatim*, whether the signatures of B. Brown and E. A. Brown, which were signed to the plea of *non est factum* and other papers which had been introduced in evidence, were genuine.

Ben Brown, one of the defendants, was put on the stand by the counsel for himself and E. A. Brown, and testified that he never signed the note sued on; that he and E. A. Brown paid for the Kaufman county lands in cash, and never gave a note to J. S. Able for the purchase-money; that he believed the signature of his co-defendant E. A. Brown was not genuine, and that the note was in the handwriting of Joseph S. Able.

Plaintiff's counsel then took the plea of *non est factum* filed by appellants in this case and signed by them, and also the depositions of the witnesses B. Brown and E. A. Brown, taken in the case, and turned down the signatures "B. Brown" and "E. A. Brown" on the plea of *non est factum* so that the signatures alone were visible to the witness, and then asked him if he signed said paper, and whether his brother, E. A. Brown, signed the same. Witness answered that he did not think that either of said signatures was his or his brother's. Counsel for plaintiff also turned down the signature "B. Brown" to his depositions so that the signature alone was visible to witness, and asked him if that was his signature, and he replied that he did not think that it was.

The same course was pursued by plaintiff's counsel, while cross-examining the witness, with reference to the genuine-

ness of the signatures "B. Brown" and "E. A. Brown" attached to a receipt from B. Brown to J. S. Able, and first and second answers in chancery, made in the United States Court at Austin and sworn to by B. Brown and E. A. Brown. The appellants, by their counsel, objected at the time to the question asked of the witness B. Brown by appellee's counsel as to the genuineness of the signatures "B. Brown" and "E. A. Brown" attached and signed to each of said papers, and also to the mode of examining said witness adopted by plaintiff's counsel—

1st. Because said question, as put, is illegal, under the circumstances of the case.

2d. Because the witness cannot be legally asked to answer as to the isolated signatures.

3d. Before the witness can be questioned as to the signatures, he should be privileged to inspect said several papers and ascertain their nature, character, and contents.

4th. Because the examination of the witness in the manner proposed was unfair to the witness.

The court overruled said objections and required the witness to answer the questions as asked.

The witness not only testified as to his own signature, but, unlike the case of the North American Fire Insurance Co. *v.* Throop, 22 Mich., 160, he also gave his opinion as to that of E. A. Brown and as to the handwriting of Joseph S. Able, thus making himself an expert.

We think, under the general rule of practice, that the opposite party should have considerable latitude, on the cross-examination, to ascertain the accuracy of the knowledge, skill, and judgment of the witness; and that, under the circumstances, the test was not an unreasonable one, and particularly as on reëxamination the witness had the opportunity of explanation with the papers exhibited in full before him.

The sixth error assigned is, that the plaintiffs did not explain, before or after the introduction in evidence of the note

sued on, the material alterations apparent on the face of the note, as they were required to do by the plea of *non est factum* interposed by the defendants Brown and Brown.

This alleged error does not show distinctly any action of the court complained of.

The actual issue made by the evidence under the plea of *non est factum* related to the execution of the note. The record does not show that any point was made upon the alleged alteration, and it is admitted that no such question was made until the final argument upon the merits and after the testimony had closed.

Under proper rules of practice, this is considered a waiver of the objection, as the other party, had the same been made in due time, might have removed it, and as the court is called on to pass only upon the objections actually made.

The seventh assignment of error is, that the court erred in admitting the declarations of John Chenoworth in evidence over the objections of defendants Brown and Brown.

The bill of exceptions, after reciting testimony tending to prove a conspiracy between the defendants Brown and Brown, B. F. Hammond, and John Chenoworth, to coerce a compromise from the plaintiff, proceeds as follows:

"Plaintiff then offered to prove, and did prove over the objections of defendants Brown and Brown, that John Chenoworth, on several occasions, at Marlin, when neither of the defendants Brown and Brown nor B. F. Hammond were present, threatened to whip his wife (the plaintiff) unless she signed said compromise. To which ruling of the court in admitting said testimony said defendants then and there excepted," &c. The judge presiding then adds: "The evidence showed to my mind a conspiracy to secure the release, and that the act of one is the act of all."

If in the opinion of the judge presiding, as recited in the bill of exceptions, the evidence showed to his satisfaction the alleged conspiracy, then there was no error in admitting the proposed testimony.

We think that it would not be proper to express any opinion upon the other alleged errors assigned.

Judgment reversed and the cause remanded.

REVERSED AND REMANDED.