No. 9119.

## WELLS v. SUTTON.

PROMISSORY NOTE.—*Action by Endorsee.*—*Plea of Property in Another.*—
*Ownership.*—*Attorney.*—It does not show a defence to an action on a note
by an endorsee to aver that it was endorsed to the plaintiff by one who,
as attorney, took the note for his client and without authority caused it
to be made payable to his own order.

SAME.—*Principal and Agent.*—*Apparent Authority.*—If the owner of a prom-
issory note, drawn payable to his agent, leaves the note in the agent's
possession, and the latter endorses it to an innocent purchaser, the
owner can not dispute the transfer.

SAME.—*Fraud.*—*False Representations Must be Material.*—It is no defence to
a note made payable to an attorney of the owner, that the attorney
falsely represented that his client had a cause of action against the
maker for criminal intimacy with the client's wife, and had papers in
the hands of an attorney at Piqua, Ohio, to begin suit for $20,000, un-
less a compromise could be made, etc. The defendant, being necessarily
cognizant of the facts, had no right to be influenced by such represen-
tations.

SAME.—*Criminal Conversation.*—*Damages.*—*Contract for Silence.*—*Defence.*—It
is a good defence to a suit on a note given in settlement of damages
claimed for criminal intimacy with the wife of the payee, that as a part
of the settlement the parties agreed in writing that the note should be
void if the payee should ever speak of such intimacy, and that he had
broken this agreement.

PLEADING.—*Practice.*—*Written Instrument.*—*Excuse for not Giving Copy.*—
If a pleading is based on a written instrument, a copy should be ex-
hibited; but it is a sufficient excuse for not giving a copy, that the de-
positary of the writing had refused to deliver it or to furnish a copy.

From the Randolph Circuit Court.

G. H. Koons and W. March, for appellant.

J. M. Haynes, J. W. Headington and J. J. M. LaFollette,
for appellee.

WOODS, C. J.—Action upon two promissory notes alleged
to have been made by the appellee to Theodore Brumbaugh,
who had endorsed them to another, who had endorsed them
to the appellant, the plaintiff in the action.

The appellee answered by five special pleas, and also filed
a counter-claim, upon which he prayed a cancellation of the

notes. Separate demurrers to each plea and to the counter-claim, for want of facts, were overruled, and exceptions taken to the rulings. Issue was joined and a trial had in the Jay Circuit Court, where the action was commenced, resulting in a verdict for the defendant. This verdict the court set aside on motion of the appellant, and granted him a change of venue to the Randolph Circuit Court, in which a second trial upon the same issues resulted in the judgment from which this appeal is prosecuted. Error is assigned upon the overruling of the demurrers to answers, and of the motion for a new trial.

The notes in suit are not governed by the law merchant, and, consequently, there is no question of the rights of an innocent purchaser of mercantile paper.

In the second paragraph of the answer, which is verified, the execution and endorsement of the notes as alleged are admitted, and it is averred: " That one Francis M. Shrack is the real party in interest, and owner of said notes; that the notes were given to satisfy and settle a demand or claim against defendant in favor of said Shrack; that Brumbaugh, the payee named in the notes, who was acting as the attorney for Shrack, took the notes payable to himself, without the authority of Shrack; that Brumbaugh, the payee, had no interest whatever in the notes, or either of them; but Shrack is the owner thereof."

This plea falls short of showing that the plaintiff is not the real party in interest, and, not showing this, it is clearly not otherwise good. The apparent meaning of the averments is that the notes were executed in settlement of Shrack's demand against the defendant, and that Brumbaugh exceeded his authority, not in making the settlement and in taking the notes, but simply in taking them in his own name; and, consequently, that he held them, not as his own, but as a trustee for Shrack. It is not, however, alleged, nor can it be inferred from what is alleged, that the endorsement of the note by Brumbaugh to the appellant's endorser was unauthorized. It is averred that Shrack is the owner, and from this it may be inferred that

Shrack had assented to and ratified the taking of the notes in the form in which they were made, for, unless ratified, they did not become his property; and if, after such ratification, Shrack permitted the notes to remain in the possession of Brumbaugh, he thereby clothed him with authority, or at least estopped himself from denying his authority, to endorse them to another. Unless the averments of a pleading are clear and unequivocal, the reasonable intendments, on demurrer, will be held to be against the pleader; and, while the allegations of this plea are, perhaps, sufficient to show that Brumbaugh took the notes as agent for another, it by no means appears that he did not have or obtain authority to make the alleged assignment to the appellant's endorser. The allegation in the present tense, that "Shrack is the owner," is at most only a statement of a legal conclusion, and is not sufficient to help out the plea when tested by a demurrer.

It is insisted on the authority of *Rogers* v. *Place*, 29 Ind. 577, and *French* v. *Blanchard*, 16 Ind. 143, that, having made the notes payable to Brumbaugh, the appellee was estopped to deny that the payee named was the real party; but we do not find it necessary to decide upon this point. It may be observed, however, that upon the facts stated in the plea, the notes, unless authorized or ratified by Shrack, are shown to be without consideration, and it is because such ratification is shown, or is inferable, that the plea is not good as a plea of no consideration.

In the third paragraph of answer, the making and endorsement of the notes as alleged are admitted, but it is alleged that they were obtained by fraud, in this: That the payee, Brumbaugh, falsely and fraudulently represented to the defendant, that Francis M. Shrack had and held a cause of action against the defendant for alleged criminal intimacy with his wife, and that said Shrack had then the papers all drawn up and in the hands of his attorneys, at Piqua, Ohio, to begin suit against the defendant for $20,000 damages; and that the suit would

be brought at once unless a compromise could be made, and that he, Brumbaugh, was authorized as agent to settle the same with the defendant; that, relying on said false and fraudulent representations, and desiring to avoid a litigation, the defendant executed the notes sued on, without any other consideration; that Brumbaugh at the time well knew that said representations were false, and that said Shrack had not prepared, or caused to be prepared, any papers for a suit, nor was he threatening to prosecute any suit, against the defendant. Wherefore, etc.

We think this answer insufficient. It is not denied that there was foundation for the alleged demand, and if this were denied, it could not well be claimed that the defendant was ignorant on the subject, and had a right to believe the representations. It is not denied that Brumbaugh was authorized to negotiate the settlement, and that through him Shrack was demanding of the defendant reparation for the alleged criminal intercourse. In this situation, the representations in respect to preparations for bringing a suit become, in our opinion, immaterial and unimportant; they are not such as the defendant had a right to rely on or to be influenced by.

The fourth paragraph alleges a voluntary written release by Shrack, delivered to the defendant before he had notice of the alleged assignment of the notes by Brumbaugh, who held the notes as trustee for Shrack. This plea is defective, because, if for no other reason, a copy of the release is not made an exhibit.

In the fifth paragraph it is alleged, that the notes were made to the payee in trust for Shrack, in settlement of a pretended claim against the defendant for alleged criminal intimacy with Shrack's wife, and for no other consideration; that, as a part of the contract on which the notes were made, Shrack executed to the defendant a writing, whereby he undertook and bound himself " never after to refer to or speak of said criminal intimacy, and that any violation of said agreement

should work a forfeiture of said notes, and all right of action thereon, and that the same should be surrendered to the defendant;" that said bond was placed in the hands of Brumbaugh, the payee of the notes; that he, upon request, had refused to deliver the bond or to furnish a copy thereof to the defendant, and consequently he can not exhibit a copy; that said Shrack at divers times and places spoke of and referred to said criminal intimacy in public, and gave publicity to the same in violation of the agreement.

The objections urged to this plea are, that the alleged excuse for not setting out a copy of the agreement is insufficient, and that the agreement itself is void as against public policy. We think neither objection tenable. It may be that Brumbaugh was not bound to furnish a copy of the writing, and that the defendant should have made one for himself, but this he could not do if Brumbaugh, as is alleged, refused to deliver the agreement to him.

There is no rule of public policy which forbids such a contract for silence so long as it is not in contemplation to conceal and prevent the punishment of a crime. It does not appear, and will not be presumed, that, in this instance, a crime had been committed; nor but that, if there had, its punishment had been barred by lapse of time before the agreement was made. The public morals will surely not suffer by the suppressing of such scandals, and if the individuals concerned see fit to put their settlements and contracts on such a basis, they may do so, and must be held to the legal consequences.

The questions presented under the motion for a new trial we deem it unnecessary to consider.

The judgment is reversed, at the costs of the appellee, with instructions to sustain the demurrers to the second, third and fourth paragraphs of answer.