Blacker v. Dunbar.

Filed Nov. 5, 1886.

---

No. 12,807.

## BLACKER v. DUNBAR.

PROMISSORY NOTE.—*Action on.—Party in Interest.—Estoppel.*—The maker of a promissory note is estopped from denying that the payee is the real party in interest.

SAME.—*Meritorious Defence.—Answer of.—Demurrer.*—An answer to a complaint on a non-negotiable note, that the plaintiff is not the real party in interest, and that if the action were brought by the proper person, the defendant had a good defence thereto, but not stating what the de-

fence is, nor why he can not avail himself of it in the action as brought, is bad on demurrer.

SAME.—*Payment to Protect Title.*—*Set-Off.*—An answer alleging that the note in suit was given for real estate inherited by the payee's wife, and that the defendant, in order to protect his title, had been compelled to pay said wife's portion of the debts of the ancestor which his personalty had failed to pay, in a sum equal to the amount due on the note, but failing to allege that the land had been conveyed to him by deed with covenants of warranty, or that the payment had been made at the request of the plaintiff or his wife, or that either of them had promised to repay the amount, or to give him credit on the note therefor, is bad both as a plea in bar and as an answer by way of set-off.

SAME.— *Contract.*— *Consideration.* —*Admissions in Pleadings.*— Where the plaintiff in his reply admits the contract counted on in the answer, he thereby admits the stated consideration therefor, and, if it is sufficient, he can not claim that the contract is without consideration, or that it should be supported by any other or different one.

PLEADING.—*Appeal from Justice.*— *Unnecessary Reply.*—*Ruling on Demurrer to.*—*Reversible Error.*—Where, upon an appeal to the circuit court, the plaintiff elects to file a reply, and an erroneous ruling is made thereon injurious to the defendant, the judgment will be reversed although, under sections 1643 and 1502, R. S. 1881, the reply was not necessary.

From the Clinton Circuit Court.

*F. M. Goldsberry, T. H. Palmer* and *W. F. Palmer,* for appellant.

*E. Sparks, J. V. Kent* and *J. W. Merritt,* for appellee.

HOWK, C. J.—This suit was commenced by appellee, before a justice of the peace of Clinton county, to recover a balance claimed to be due on a promissory note executed to him by the appellant. The trial of the cause before the justice resulted in a verdict and judgment for the appellee. On appeal to the circuit court of the county, additional paragraphs of answer were filed by appellant, and the cause was put at issue. The issues joined were tried by a jury, and a verdict was again returned for appellee, and judgment was rendered accordingly.

Errors are assigned here by appellant, which call in question the rulings of the trial court, in sustaining appellee's demurrers to the first and second paragraphs of appellant's

answer, and in overruling his demurrer to the second para-
graph of appellee's reply to the first paragraph of his answer
filed in the circuit court.   We will consider and decide the
questions presented by each of these alleged errors, in their
enumerated order.

1.  The first-paragraph of appellant's answer was filed be-
fore the justice of the peace, and was called a plea in abate-
ment.   In this paragraph of his answer, appellant alleged
that the note in suit did not belong to appellee, and, as ap-
pellant verily believed, was being prosecuted by appellee for
the use and benefit of his wife, Rebecca Dunbar; that said
Rebecca Dunbar was a resident of the State of Iowa, and a
non-resident of this State; that appellee paid no considera-
tion whatever to appellant for such note; that the note was
executed by appellant to appellee at the date mentioned in
his complaint; that there was no consideration whatever
moved from appellee therefor; that the consideration of such
note was certain real estate, then and there belonging to said
Rebecca Dunbar; that Rebecca Dunbar held such real estate
in her own separate right, and sold and conveyed the same
to appellant, which was the only consideration for the note
in suit; that Rebecca Dunbar, as appellant was informed and
verily believed, was the real owner of such note, and the real
party in interest, for whom this action was being prosecuted;
that appellee had no money interest in, or right or title to,
such note, and was not the real party in interest, and that ap-
pellant had a good, substantial, lawful and equitable defence to
the note in suit, if such note was being prosecuted for the
use and in the name of Rebecca Dunbar, who, appellant be-
lieved, was the real party in interest and the party to whom
such note rightfully belonged; that appellant verily believed
that this suit was being prosecuted in the name of Simon
Dunbar for the sole purpose, and no other, to deprive appel-
lant of his said defence to this action and the note sued upon;
that appellant could not avail himself of his said defence to
the note in suit, if the action were prosecuted in the name of

appellee; that appellee took such note in his own name with-
out any right, and had no legal or equitable title to or in-
terest in the same.    Wherefore appellant prayed that on
account of the foregoing facts, matters and things, this action
should be abated, and that he have judgment for his costs
and all other proper relief.

It is claimed by appellant's counsel, that the trial court
erred in sustaining appellee's demurrer to the foregoing par-
agraph of answer.  Counsel concede, as we understand them,
that the facts stated are not sufficient to constitute a good
plea in abatement, but they insist that these facts constituted
a good answer in bar of appellee's cause of action.   It is
true, as counsel claim, that the name given a paragraph of
answer or its prayer for relief does not determine its char-
acter or sufficiency.   But we think there was no available
error in sustaining appellee's demurrer to the first paragraph
of answer, whether it be regarded as a plea in abatement or
an answer in bar.  Appellee is the payee of the note in suit, and,
in such case, it has been held by this court that the maker of
such note is estopped from denying that the payee thereof is
the real party in interest.   *French* v. *Blanchard*, 16 Ind. 143;
*Rogers* v. *Place*, 29 Ind. 577; *Wells* v. *Sutton*, 85 Ind. 70.

But whether appellant was thus estopped or not, it is very
clear, we think, that the first paragraph of his answer did
not show by its averments of fact, that he had any valid or
sufficient defence to the note in suit.   In the most positive
terms, appellant stated that he had " a good, substantial, law-
ful and equitable defence " to the note sued upon; but he
has failed to state, in this paragraph of answer, what such
defence was, or why, if he had such defence, he could not
avail himself of it in this action.   The note in suit was not
payable at a bank in this State and was not governed by the
law merchant, and if, as we may suppose, the defence upon
which appellant relied was a partial failure of the considera-
tion of such note, we know of no reason why, upon a proper
showing of facts, he might not have availed himself of such

Blacker v. Dunbar.

·defence as against the appellee, who was cognizant of all the facts. In any event, it is clear to our minds that no avail-:able error was committed by the court below, in sustaining .appellee's demurrer to the first paragraph of appellant's .answer.

In the second paragraph of his answer, filed in the circuit ·court, appellant admitted his execution of the note sued upon .and his payments credited thereon, but he alleged that such .note was executed for the undivided one-eighth interest of Rebecca Dunbar in certain described real estate, in Clinton county, Indiana, owned by William Blacker, deceased; that said Rebecca was the daughter of said William and, as such, inherited such interest in said real estate; that, at the date ·of the note in suit, appellee was, and since had been, the husband of said Rebecca, and, as her husband and agent, sold to ·appellant her said interest in such real estate, and in consid-·eration therefor took the note in suit in his own name; that ·such real estate was liable for the excess of the indebtedness ·of such decedent's estate over and above what the personalty of such estate would pay; that the heirs of such estate were liable for such indebtedness to the extent of their inheritance therefrom; that the indebtedness of such estate, not paid by its personalty, amounted to the sum of $1,316.67; that the ·one-eighth part of such sum, for which said Rebecca's in-terest in such real estate was liable, was $164.68; that said Rebecca was then and since a non-resident of this State and had no property except her interest in such real estate, which was sold to appellant; and that, after appellant purchased her said interest in such real estate, he was compelled to pay ·such sum of $164.68 for said Rebecca, to protect his said title so procured from her. Wherefore appellant said that he had paid all of the note in suit that was justly due; that such sum by him so paid on the indebtedness of such dece-dent's estate, ought to be set off against any sum that might appear to be due on such note; and he demanded judgment for his costs and all proper relief.

We are of opinion that the trial court did not err in sus-- taining appellee's demurrer to the foregoing paragraph of answer. Appellant has stated no facts therein which show or tend to show that the appellee or his wife, Rebecca, be- came and was indebted to him in such sum of $164.68, or in any other amount, for or on account of the money he was. compelled to pay, as he alleged, on the indebtedness of the estate of William Blacker, deceased, in order to protect his title to the interest in such decedent's lands, procured by him from said Rebecca. It was not alleged in such para- graph of answer, that the appellee and his wife had war-- ranted the title to her interest in such lands, or, indeed, that. they had ever conveyed such interest to the appellant by deed, with or without covenants of warranty. Nor was it alleged in such paragraph that the appellee and his wife, Re- becca, or either of them, had ever requested the appellant to. pay her share or proportionate part of the indebtedness of such decedent's estate, in excess of what the personalty thereof would pay; nor that they, or either of them, had ever agreed or promised to repay him the amount he paid, as. alleged, as her part of such indebtedness, or to give him. credit for such amount on the note in suit. This paragraph. of answer was hopelessly bad, we think, whether it be re- garded as a plea in bar, or as an answer by way of set-off.

In the first paragraph of his answer, filed in the circuit court, appellant admitted his execution of the note in suit,. and the payments credited thereon as stated in appellee's. complaint; but he averred that before the execution of such note, Rebecca Dunbar, then and since the wife of appellee,. was the owner of an undivided one-eighth interest in certain. real estate, in Clinton county, Indiana, having inherited such interest from her father, William Blacker, deceased; that, at the date of the note in suit, all the heirs of such de- cedent believed that his personal property would pay the debts of his estate and leave his lands unencumbered thereby; that appellee as the agent of his wife, Rebecca Dunbar, pro--

Blacker *v.* Dunbar.

posed to sell her interest in such real estate to the appellant for the sum of $750; that appellant then and there purchased her said interest in such real estate, for the sum aforesaid, upon the agreement that appellee would stand good to appellant for the one-eighth of the indebtedness of such decedent's estate, which would have to be paid to save such real estate from sale for such indebtedness; that the note in suit was executed in consideration of such sale, and for no other or different consideration; that appellee and his wife, Rebecca, conveyed her said interest in such lands to appellant, who afterwards, on January 25th, 1884, had to pay judgments in the Clinton Circuit Court, which were debts against such decedent's estate, to protect the title to such real estate, describing and giving the amount of each of such judgments, all of which amounted in the aggregate to the sum of $1,-316.67; that the one-eighth part of such sum was $164.58; and so the appellant averred that the consideration of the note in suit had failed to the extent of such sum of $164.58, and that he had fully paid all the balance of such note, before the commencement of this suit.

In the second paragraph of his reply to the foregoing paragraph of answer, the appellee said that he admitted the contract therein alleged, but he averred that such contract was made without any consideration whatever.

It was error, we think, to overrule appellant's demurrer to the foregoing reply. When the appellee admitted his contract with appellant, as the latter stated such contract in the first paragraph of his answer filed in the circuit court, he admitted also of necessity that it was made or executed upon a valuable and sufficient consideration. It is shown by the averments of this paragraph of answer, that the appellee as well as the appellant was fully informed of the fact that the personal property of William Blacker, deceased, would be insufficient to pay the indebtedness of such decedent's estate; and that, unless the heirs of the decedent contributed their proportionate parts respectively of the excess of such indebt-

edness over the amount realized from such personal property, the decedent's real estate would necessarily be sold to make assets for the payment of such excess of indebtedness. With this knowledge on his part, the appellee proposed to and did sell the interest of his wife, Rebecca, in the decedent's real estate to the appellant, and as an inducement to such sale, and as a part of the transaction, he agreed that he would stand good to the appellant for the amount to be contributed by his wife Rebecca, as one of the heirs of the decedent's estate, for the payment of the indebtedness of such estate in excess of the sum realized from the personalty thereof. Upon the faith of this agreement of the appellee, he sold the interest of his wife, Rebecca, in the decedent's estate to the appellant, and, for the purchase-money, took the note in suit payable to himself. In his reply, the appellee admits his contract or agreement, as the appellant has alleged it, and thereby admits of course the consideration therefor, which was of the essence of such contract or agreement, precisely as appellant has stated such consideration in his first paragraph of answer. This consideration was amply sufficient to support appellee's contract or agreement, and having admitted it, as he did in his reply, he can not be heard to claim that his contract or agreement must be supported by some other or different consideration, or that it was without any consideration.

It is true that our statute, regulating proceedings in civil cases before justices of the peace, provides that " No replication shall in any case be necessary; but any matter which might have been replied to any plea may be proved with the same effect as if so replied." Section 1463, R. S. 1881. It is true, also, that on an appeal to the circuit court, in such a case, the cause must " be there tried under the same rules and regulations prescribed for trials before justices." Section 1502, R. S. 1881; *Hill* v. *Sleeper*, 58 Ind. 221. But it does not follow from these statutory provisions, that the error of the trial court, in overruling the demurrer to a bad paragraph of reply, which need not have been pleaded, can be

regarded as a harmless error. Certainly, the appellee is in no condition to claim in this case that the error in question was a harmless error. He filed the bad paragraph of reply and thereon obtained a ruling, whereby the court virtually held that appellee's contract or agreement must be shown by appellant to have been made upon a sufficient consideration, other and wholly different from the consideration thereof, as stated in his first paragraph of answer, which entered into and constituted an essential part of the contract or agreement, admitted by appellee in such paragraph of reply. The consideration of such contract or agreement was expressed therein, as the same was stated in appellant's answer; and when appellee "admitted the contract therein alleged," he admitted also the consideration therein expressed, and this consideration was sufficient.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the second paragraph of reply, and for further proceedings not inconsistent with this opinion.

Filed Nov. 16, 1886.