Johnson v. Conklin.

Filed May 16, 1889.

---

No. 13,912.

## JOHNSON v. CONKLIN.

PLEADING.—*Amendment.— Waiver of Exceptions.*—Where a defendant, after a demurrer has been sustained to his answer, obtains leave to amend, and files another answer, he thereby waives the exceptions taken on the original pleading.

PROMISSORY NOTE.—*Real Party in Interest.—Estoppel.*—The maker of a promissory note is estopped from showing that the payee was not the real party in interest at the time the note was executed.

From the Martin Circuit Court.

*J. T. Rogers,* for appellant.

*E. Moser* and *H. Q. Houghton,* for appellee.

Johnson *v.* Conklin.

ELLIOTT, C. J.—The plaintiff, Maria Conklin, brought this action to recover the amount evidenced by a promissory note executed to her as payee by the appellant. The trial court sustained demurrers to several paragraphs of the answer filed by the appellant, and he thereupon asked and obtained leave to amend. He subsequently filed several paragraphs of answer, to which the plaintiff replied. He here complains of the ruling on the demurrers to the original answer. His complaint is unavailing. *Prima facie,* the answers last filed were amendments of the original .pleading, and that pleading went out of the case when the last answers were filed. By filing the answers after the leave to amend was obtained, the exceptions taken on the original pleading were waived. *Hunter* v. *Pfeiffer,* 108 Ind. 197.

But if we should consider the original answer as properly in the record, and the exceptions as available, it would not change the result, for the answer is bad. It seeks to show that the payee of the note was not the real party in interest at the time the note was executed, and this the maker of a promissory note is estopped from doing. *Blacker* v. *Dunbar,* 108 Ind. 217 ; *Wells* v. *Sutton,* 85 Ind. 70 ; *Rogers* v. *Place,* 29 Ind. 577 ; *French* v. *Blanchard,* 16 Ind. 143.

Judgment affirmed, with ten per centum damages.

Filed May 17, 1889.