GAMEL v. HYNDS *et al.*

No. 1660. Opinion Filed March 19, 1912.

Rehearing Denied August 20, 1912.

(125 Pac. 1115.)

1. **BILLS AND NOTES**—Action by Transferee Against Maker—Defenses—Fraud. It is no defense to an action by the transferee of a negotiable promissory note against the maker that the payee was induced by fraud to transfer the note to plaintiff.

2. **APPEAL AND ERROR**—Disposition of Causes—Reversal. While ordinarily on reversal, where the facts are undisputed, it is the duty of the Supreme Court to render judgment, yet, where it appears that material evidence on defendant's behalf was excluded, because not in proper form, the case will be remanded.

(Syllabus by Rosser, C.)

*Error from District Court, Pontotoc County;*
*Robt. M. Rainey, Judge.*

Action by J. A. Gamel against J. C. Hynds and Agnes Hynds. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*R. W. Shepherd* and *J. F. McKeel,* for plaintiff in error.

*Clinton A. Galbraith* and *Tom D. McKeown,* for defendants in error.

Opinion by ROSSER, C.   This was an action by J. A. Gamel against J. C. Hynds and Agnes Hynds on three notes for the sum of $800 each, dated at Sulphur, Ind. T., August 17, 1906, and due, respectively, August 17, 1908, August 17, 1909, and August 17, 1910, executed by the defendants to N. B. Breckenridge, and by him transferred to plaintiff as collateral security for a note which Breckenridge had executed to him.   The notes, upon their face, show that they were given for a part of the purchase price of certain real property in the town of Ada, Ind. T., and show that they were secured by a vendor's lien on the property.   Upon the trial of the cause, there was a verdict and judgment for the defendants, and plaintiff has appealed.

The court instructed the jury  that if the notes were transferred by Breckenridge to the plaintiff as collateral security for the note given by Breckenridge to plaintiff, and if the execution of that note was secured by fraud and misrepresentation on the part of the plaintiff, they should find for the defendants.   This was error.   The defendants had no right to defend the action upon the ground that the assignment of the notes from Breckenridge to Gamel had been procured by fraud.   The maker of a promissory note cannot, in an action brought against him by the indorsee or transferee thereof, litigate questions that can properly arise only between the holder and his immediate indorser. *Hulley v. Chedic*, 22 Nev. 127, 36 Pac. 783, 58 Am. St. Rep. 729; *Johnson v. Conklin*, 119 Ind. 109, 21 N. E. 462; *Butler v. Sturges*, 6 Blackf. (Ind.) 186; *Blacker v. Dunbar*, 108 Ind. 217, 9 N. E. 104; *Fairfield v. Adams*, 16 Pick. (Mass.) 381; *Nicolay v. Fritschle*, 40 Mo. 67; *Cocker v. Cocker*, 2 Mo. App. 451; *Brown v. Clark*, 14 Pa. 469; *Wells v. Schoonover*, 9 Heisk. (Tenn.) 805; *Hutchings v. Rienhalter*, 23 R. I. 518, 51 Atl. 429, 58 L. R. A. 680; *Brown v. Chenoworth*, 51 Tex. 469; *Geisreiter v. Sevier*, 33 Ark. 522; *Booker v. Robbins*, 26 Ark. 660.

In *Calwell v. Lawrence*, 84 Ill. 161, the court said:

"One of them pleaded specially that plaintiff, for a valuable consideration, had delivered the note back to the payee, and thereby had parted with all his right and interest in the note, and that the right  of action had revived in the payee.   A demurrer was sustained to this plea, and, we think, very properly.   The legal

title to the note was still in plaintiff, and the facts averred simply showed that the payee was equitably entitled to the proceeds; but this is a question with which defendant need not concern himself. It is not alleged he had any defense to the note as against the payee; and in whom were the equities is a matter of no consequence. Had the plea set forth facts which constituted a defense to the note, either in whole or in part, a very different question would have been presented. The legal title of the note remaining in plaintiff, the fact that payee may have been the equitable owner constitutes no sort of defense to the action. The suit was rightfully brought in the name of the party in whom was the legal title to the indebtedness; and it can make no difference to defendant who may have been the equitable owner of the note, if he had no defense on the merits."

In *Robinson Reduction Co. v. Johnson,* 10 Colo. App. 135, 50 Pac. 215, the court said:

"The defendant undertook to inquire into the consideration of the assignments to the plaintiff, and the court refused to admit the evidence. If the defendant owed the debt, payment to the assignee would discharge it; and it is immaterial what, as between assignors and assignees, the consideration was, or whether there was any. *Welch v. Mayer,* 4 Colo. App. 440, 36 Pac. 613; *Walsh v. Allen,* 6 Colo. App. 303, 40 Pac. 473."

See *Blackford v. Westchester Fire Ins. Co.,* 101 Fed. 90, 41 C. C. A. 226; *Allen v. Brown,* 44 N. Y. 228.

The assignor or indorser on negotiable instruments must protect his own interest, where he has been induced to assign or indorse through fraud; and the maker cannot defend or set up matters of defense which only exist between the indorser and indorsee. Breckenridge would have the right to protect himself by proper proceedings, if he was defrauded into transferring the note.

In the present case a defense on the merits was pleaded, in that it was claimed that the notes were executed as an accommodation; but there was a failure of proof upon that allegation, and the proof as to how plaintiff became the holder of the notes became immaterial, because it was a question with which the defense had no concern.

The conclusions arrived at here are in no way in conflict with the decision of *Jones v. Wheeler,* 23 Okla. 771, 101 Pac.

1112. In that case it was shown in the evidence on the part of plaintiff that the note was transferred by the executor of the estate of Wm. G. Wheeler without authority, order, or proceedings in the probate court, and it was held that a transfer of the executor, without such an order or authority, was without validity, and did not convey the title to the note; and the effect of the decision was that a recovery by the transferee or indorsee would not have been a protection against a suit by the true owners of the note. In the present case, however, it is admitted that the legal title to the note passed to the plaintiff; and until the indorsement or transfer to him was canceled by proper proceedings brought by the payee, Breckenridge, plaintiff had the right to sue upon the note, and a judgment in his favor would have been a bar to any action against the maker by Breckenridge.

There was an effort made to prove the judgment of the court of Mexico in favor of Breckenridge upon the note, for the payment of which the notes in suit in this case were transferred as collateral, but it failed for want of proper certification; and there was absolutely no proof offered, or attempted to be offered, tending to show that the notes sued on were given for the accommodation of Breckenridge.

Ordinarily, where the facts are undisputed, it is the duty of this court to render judgment; but it appears in this case that some material evidence on behalf of defendants was excluded because not in proper form, and it is therefore deemed proper that this case should be reversed and remanded. If it should appear upon another trial that the defendants were accommodation makers of the notes, and that the plaintiff obtained them by fraud, the defendants would be entitled to prevail.

By the Court: It is so ordered.