10977. LIBERTY BANKING CO. *v.* CHATHAM BANK & TRUST CO.

BLOODWORTH, J. The court did not err in its rulings on the demurrers, nor in excluding evidence, and a nonsuit was properly awarded.
         *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
                    DECIDED APRIL 14, 1920.

Complaint; from city court of Savannah — Judge Freeman. July 28, 1919.

The Liberty Banking Company sought to recover from the Chatham Bank & Trust Company the amount of a cashier's check issued

by the defendant and payable to the order of C. W. Smiley. The check was issued in behalf of a depositor, to be used in a loan to the payee, and was sent by an agent of the depositor to an attorney, who, by means of a forged indorsement of the payee's name, obtained the money on it from the Liberty Banking Company, and that company, through an intermediate bank, collected it from the defendant bank, and, after the forgery had been discovered, reimbursed the defendant, obtained the cancelled check, caused the payee to indorse it " without recourse," and then presented it to the defendant with a demand for payment, which was refused. The first count of the plaintiff's petition is in the form of an ordinary suit on a check, with the addition of a prayer for 25% damages. The second count, after setting out substantially the foregoing facts, proceeds as follows: "Petitioner sues to recover of and from the defendant the amount of said check, paid, laid out, and expended by petitioner to and for the use of said defendant, and, being so indebted, the said defendant undertook and then and there faithfully promised to pay to petitioner the said mentioned sum of money when it, the defendant, should be thereunto afterwards requested." Demurrers to the prayer for damages and to the second count were sustained. The special ground of demurrer to that count was that it was not alleged that the plaintiff paid anything to C. W. Smiley, or that Smiley was ever in possession of the check, or had any right, title or interest in it, when he indorsed his name on it. The defendant in its plea denied that the plaintiff was a bona fide holder of the check for value, and alleged that Smiley was never the owner or possessor of the check.

On the trial the plaintiff introduced in evidence parts of the defendant's answer, which in substance were as follows: The defendant had on deposit to the credit of Noord Amerikaansche Hypotheekbank certain funds deposited for the purpose of making loans to be secured by deeds to real estate. The Georgia Land & Securities Company had negotiated a loan from these funds to C. W. Smiley, to be secured by deed to certain real estate; and the check in question was delivered by the defendant to that company to be turned over by it to Smiley in payment of the loan negotiated with him in behalf of the above-named depositor. It was to be delivered to Smiley on the execution and delivery of a security deed by him, and for this purpose the Geor-

gia Land & Securities Company transmitted the check to a named attorney at law, residing at Ludowici, Georgia. "Defendant does not know whom" the said attorney "represented in the transaction; defendant had no connection or relation with him whatever." The name of Smiley, the payee, was forged and indorsed on the check, and it was also indorsed below his name by the attorney mentioned, and the attorney presented it to the Liberty Banking Company, which paid it and indorsed it, guaranteeing the prior indorsements, and transmitted it to the Savannah Bank & Trust Company; the latter company made a like indorsement and guaranty, and collected from the defendant the amount of the check, and the check was canceled and marked "paid," with a punch which perforated the paper. The defendant subsequently discovered that the indorsement in the payee's name was forged, and demanded and obtained from the Savannah Bank & Trust Company a return of the amount paid, and delivered the canceled check to that company in order to enable it to go back on the Liberty Banking Company, to which it had transmitted the money collected. The Savannah Bank & Trust Company transmitted the check to the Liberty Banking Company, and the latter company procured from Smiley an indorsement of the check, "without recourse," and again indorsed it and demanded payment from the defendant.

From the testimony of the plaintiff's cashier it appears that after the canceled check was returned to the plaintiff the cashier took it to Smiley, who said that he had never before seen it, and the cashier induced him to indorse it, assuring him that he would not be liable on the indorsement. No consideration was paid or promised for the indorsement. The loan transaction for which the check was given had never been consummated. The check was never in Smiley's possession except when it was handed to him by the plaintiff's cashier for the purpose of signing his name on the back of it. After this witness had testified the plaintiff tendered in evidence the check sued on. The defendant objected to it, on the ground that "the plaintiff had shown no delivery either to Smiley, or by the bank to him." No other witness testified. On motion of the defendant the court granted a nonsuit. To this and the other rulings stated the plaintiff excepted.

*Edwin A. Cohen, Hitch & Denmark,* for plaintiff, cited: Civil

Code (1910), §§ 2342-3; Tiedeman, Com. Paper, 251; 34 Okla. 388 (125 Pac. 1115, 33 Am. & Eng. Ann. Cas. 1914 C, 233); 3 Pick. 194; 26 Ark. 660; 6 Cush. 19 (52 Am. Dec. 761); 4 Allen, 336 (81 Am. Dec. 707); 6 Colo. App. 303 (40 Pac. 473); 1 Dan. Neg. Instr. (3d ed.) 74, 75.

*Lawton & Cunningham, E. Ormonde Hunter,* for defendant, cited: 62 *Ga.* 272; 4 *Ga. App.* 534; 17 *Ga. App.* 170 (3); 10 *Ga. App.* 98; 124 *Ga.* 965; 134 *Ga.* 364; 8 Corp. Juris., 43; 99 *Ga.* 379; 111 *Ga.* 486; 1 Dan. Neg. Instr. (6th ed.) 91, 93; 16 *Ga. App.* 23; 23 N. E. 180.